**Kenneth BALCOM, Plaintiff, Appellee,**

v.

**LYNN LADDER AND SCAFFOLDING COMPANY, INC., et al., Defendants, Appellees.**

**John S. Tilley Ladder Co., Inc., Third-Party Defendant, Appellant.**

**No. 86–1443.**

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1986.

Decided Dec. 16, 1986.

Sterling H. Schoen, Jr. and Schoen & Bagley, Manchester, N.H., on brief for third-party defendant, appellant.

Robert C. Dewhirst, Bartram C. Branch and Devine, Millimet, Stahl & Branch Professional Ass'n, Manchester, N.H., on brief for defendant, appellee Lynn Ladder and Scaffolding Co., Inc.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Appellant, a third-party defendant in a product liability case, appeals a district court judgment in favor of the defendant. The jury found for the defendant on the ground that the defective aspects of the product at issue, a ladder, did not cause the plaintiff's injuries. The jury also found, via special verdict, that appellant made the ladder in question and that it was defective. Appellant argues that the district court should, somehow, have set aside the finding that the appellant made the ladder.

Appellant cannot appeal the district court's failure to set aside this finding for the basic reason that appellant did not lose the case below; it won. A party cannot appeal a judgment entered in its favor, because it lacks a "personal stake in the appeal" sufficient to support appellate jurisdiction. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427 (1980); *see* 9 J. Moore, *Federal Practice* ¶ 203.06, at 3–23 (2d ed. 1985).

Appellant argues that an exception should be made, lest the jury's finding be used against it in some future litigation. But, the short and conclusive answer to this contention is that the challenged finding has no collateral estoppel effect, for it was not essential to the favorable judgment. *See Raxton Corp. v. Anania Associates, Inc.*, 668 F.2d 622, 624 (1st Cir. 1982); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4421, at 199–203 (1981); Scott, *Collateral Estoppel by Judgment*, 56 Harv.L.Rev. 1, 12–15 (1942). The cases that appellant cites to the contrary involve special circumstances not present here. *See Deposit Guaranty*

*National Bank v. Roper,* 445 U.S. at 332–33, 100 S.Ct. at 1170–71 (allowing plaintiffs who received judgment in their favor to appeal denial of class action certification—a separate judicial holding that directly affected their "economic interest"); *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939) (allowing victorious defendants in patent infringement suit to appeal to eliminate from the decree the finding that the patent, though not infringed, was valid—a finding with direct and significant impact on the appellant). Thus, we follow the general rule, not the exceptions.

*Appeal Dismissed.*