**BATH IRON WORKS CORPORATION and Commercial Union Insurance Companies, Petitioners,**

v.

**Jeannine D. COULOMBE and Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.**

**No. 89–1270.**

United States Court of Appeals, First Circuit.

Heard Sept. 14, 1989.

Decided Oct. 25, 1989.

Stephen Hessert with whom Michelle Jodoin LaFond and Norman, Hanson & DeTroy, Portland, Me., were on brief for Bath Iron Works Corp. and Commercial Union Ins. Companies.

Dennis Levandoski with whom Kettle, Carter, Levandoski, Anderson & Sharon, Portland, Me., were on brief, for Jeannine D. Coulombe.

Before BREYER, Circuit Judge, COFFIN, Senior Circuit Judge, and MAYER, Circuit Judge.*

PER CURIAM.

This case is before us on a petition for review by the employer of a decision of the Benefits Review Board which affirmed a denial of medical expenses. The Board reversed an administrative law judge's conclusion that the employee was ineligible, but affirmed the decision denying reim-

* Of the Federal Circuit, sitting by designation.

bursement because the requirement for filing a report was not met.

■ Because the Benefit Review Board ruled in petitioner's favor on the award, its discussion of respondent's eligibility is pure dicta. Such discussion cannot have any collateral estoppel effect because it is not essential to the judgment. *McDaniel v. Sanchez*, 452 U.S. 130, 141, 101 S.Ct. 2224, 2231, 68 L.Ed.2d 724 (1981); *Balcom v. Lynn Ladder and Scaffolding Co., Inc.*, 806 F.2d 1127 (1st Cir.1986). For this reason, we have previously held that "[a] party cannot appeal a judgment entered in its favor, because it lacks a 'personal stake in the appeal' sufficient to support appellate jurisdiction." *Balcom*, 806 F.2d at 1127 (citing *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427 (1980)). Similarly, petitioner is not "adversely affected or aggrieved by a final order of the Board," 33 U.S.C. § 921(c), and lacks standing under the statute to have the decision reviewed. *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 44–45 (2d Cir. 1976).

*We therefore dismiss the petition for review for lack of jurisdiction.* Costs to respondent.