LUCILLE P. BRIGGS vs. CAROL CARS, INC.

Hampden. December 4, 1989. - May 15, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Fraud. Motor Vehicle*, Sale. *Consumer Protection Act*, Unfair act or practice, Attorney's fees. *Practice, Civil*, Consumer protection case.

A representation by an automobile dealer to an "uninformed" purchaser of a used automobile, later found defective, that the vehicle was in good condition constituted deceit or fraud within the meaning of G. L. c. 231, § 85J, where it could be found that the dealer's representation constituted a statement of fact rather than one only of opinion, and that the defects in the vehicle were readily ascertainable by the dealer. [395-396]

Where a representation by a dealer of used automobiles to an "uninformed" buyer that a certain vehicle was in good condition constituted an unfair or deceptive act or practice under G. L. c. 93A, § 9(4), the buyer was entitled to reasonable attorney's fees. [396-397]

CIVIL ACTION commenced in the Superior Court Department on April 12, 1985.

The case was heard by *Elizabeth A. Porada*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael G. West* for the defendant.

*Roderick B. O'Connor* for the plaintiff.

O'CONNOR, J. This is the defendant's appeal from a judgment for the plaintiff entered in the Superior Court following a jury-waived trial. We transferred the case here on our own initiative. The dispute arises out of a sale by the defendant to the plaintiff of a used automobile which, the plaintiff contends, was defective. By her amended complaint, the plaintiff asserts numerous claims, only two of which we need to discuss in order to decide the case. Those two claims allege violations of G. L. c. 231, § 85J (1988 ed.), and c. 93A, § 9

(1988 ed.). The judge awarded damages on the claim under c. 231, § 85J, in the sum of $5,078.25 plus interest and costs, and on the claim under c. 93A, § 9, the sum of $1,700 for attorney's fees.

The judge made detailed written subsidiary findings, which we set forth in relevant part in this and the next four paragraphs. On July 19, 1982, the plaintiff purchased a 1976 Plymouth Arrow automobile from the defendant for $2,895. She received a $1,300 trade-in allowance for her Volkswagen Rabbit automobile and financed the balance. The Plymouth carried a limited warranty for parts and labor on repairs to the engine, transmission, and rear end for thirty days or 500 miles, whichever came first. All repair work under the warranty had to be done at the defendant's place of business.

At the time of the sale the defendant represented to the plaintiff that the automobile was in good condition, that it had had only one previous owner, and that it had low mileage. The defendant also told the plaintiff that it had repaired the radio and the gas gauge, and that it had given the automobile a "mini tune-up," i.e., it had changed the oil and oil filter and had installed new spark plugs. Before she bought the automobile, the plaintiff took it for a test drive but did not have a mechanic inspect it. The defendant knew that the vehicle was to be used to provide transportation for the plaintiff, who had no knowledge of automobile mechanics.

On July 21, the plaintiff noticed smoke coming from the exhaust, checked the oil, and found that it was down two quarts. From July 21 until July 30 she put nine quarts of oil into the automobile. From approximately July 23 on, the automobile stalled periodically, particularly when climbing hills. The plaintiff replaced the spark plugs, but the vehicle continued to stall, so on July 30 she had it towed to an automobile repair shop other than the defendant's to have it checked out. The judge found that the plaintiff had driven the vehicle 583 miles at this point. The repairman found rust and rot on the "rear bumper support" and the "strut towers" and stated that they should be replaced. According to the judge's findings, the repairman was "of the opinion that the

car could be driven but considerable work on the engine and body needed to be done in order for the car to operate properly and safely." He estimated that it would cost $1,530.97 to repair the vehicle. The plaintiff then contacted an attorney, who called the defendant on August 10.

The defendant inspected the vehicle while it was at the repair shop and agreed that the engine needed repair, but did not think that the rear bumper support and strut towers needed replacement. The defendant therefore offered to repair the engine, but refused to replace the strut towers or install a new engine and new rear bumper support. The plaintiff declined the defendant's offer, asking for a full refund and the return of her Volkswagen Rabbit. The defendant refused the plaintiff's request. On August 17, the plaintiff had her automobile towed to the defendant's place of business and bought another automobile from someone else for $300 to replace the Plymouth. After the Plymouth was brought to the defendant's premises, the defendant inspected it again and determined that the timing chain and gears needed replacement.

On September 7, the plaintiff, through her attorney, sent the defendant a thirty-day demand letter in which she requested damages in the amount of $3,473.25 for a c. 93A violation. The defendant responded on September 23, rejecting the plaintiff's demand. Again the defendant offered to repair the engine, but refused to replace the rear bumper or strut towers. The defendant also offered to extend the plaintiff's warranty an additional thirty days or 500 miles, whichever came first. The plaintiff refused the offer.

After reciting her subsidiary findings, the judge set forth ultimate findings which we quote in material part as follows:

"1. At the time of sale, the defendant expressly warranted the vehicle purchased by the plaintiff from it was in good condition.

"2. The defendant's representation that the vehicle in question was in good condition was a material misrepresentation of fact; . . . said misrepresentation was made with the intent that the plaintiff rely upon it; . . . it was made by the

defendant with recklessness as to its truth where it could readily have ascertained the truth of the matter; . . . the plaintiff did in fact rely upon said representation, and . . . as a result the plaintiff sustained actual damages in the sum of $1,692.75. Said actual damages represent the trade in allowance of $1,300 on the plaintiff's old car, the sales tax and registration fee paid in the sum of $92.75, and the cost of substitute transportation for a replacement vehicle in the sum of $300.00.[1] The plaintiff has failed to prove by a fair preponderance of the evidence, any other actual damage sustained.

"3. The plaintiff is entitled to recover under the provisions of G. L. c. 231 Section 85J treble damages for the deceit in the sale of personal property as set forth in the preceding paragraph. The total damage awarded under said chapter would be $5,078.25 or three times the sum of $1,692.75, the actual out of pocket damages incurred by the plaintiff. (The Court in awarding damages, has measured the damage by actual out of pocket expenses based upon the circumstances of this case where the plaintiff has revoked acceptance and the Court has found said revocation acceptable.)

". . .

"8. The defendant, Carol Cars, Inc. is engaged in a trade or business for purposes of G. L. c. 93A Section 9 and the plaintiff is a consumer under said section.

"9. The defendant's misrepresentation as to the condition of the vehicle . . . above constitute[s an] unfair or deceptive act[ ] and practice[ ] under G. L. c. 93A Section 9.

"10. As a direct result of [the] said unfair and deceptive act[ ] and practice[ ], the plaintiff incurred damage in the sum of $1,692.75 . . . .

"11. Prior to instituting suit, the plaintiff mailed to the defendant a 30 day demand letter which complied with the provision of G. L. c. 93A Section 9.

---

[1]According to the evidence, the bank that financed the purchase repossessed the vehicle at the direction of the plaintiff's counsel.

"12. Within 30 days, the defendant tendered an offer of settlement which was not reasonable in light of the problems experienced by the plaintiff with the car and the lack of confidence plaintiff had in the continued operability of the car.

". . .

"14. The defendant's representation of the condition of the car with reckless disregard of the truth or falsity of said statement constitutes a willful violation of G. L. c. 93A Section 9 which warrants an award of double damages, reasonable attorney fees and costs to the plaintiff. However, because the plaintiff will recover treble damages under G. L. c. 231 Section 85J for the same wrong on which the plaintiff's violation of G. L. c. 93A is based, the plaintiff shall be awarded only reasonable attorney's fees and costs under the count for violation of G. L. c. 93A and shall not be entitled to a duplicative recovery for damages."

General Laws c. 231, § 85J, provides: "Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him." The defendant argues that the judge was wrong as a matter of law when she concluded that the defendant's representation that the Plymouth was in good condition constituted deceit or fraud within the meaning of § 85J. The defendant's argument is twofold: first, the representation was not a statement of fact, but only of opinion, and, second, the judge erred in finding that the statement was recklessly made. Surely, the general rule is that, to establish fraud or deceit, a plaintiff must show that the defendant misrepresented a fact. Mere statements of opinion are not actionable at common law, *Yerid* v. *Mason*, 341 Mass. 527, 530 (1960), and cases cited, and it is reasonable to conclude that the Legislature did not intend them to be actionable under c. 231, § 85J. The question, then, is whether the judge was warranted in finding that the defendant's representation as to the good condition of the vehicle was a statement of fact. We think that she was warranted in so finding. See *John A. Frye Shoe Co.* v. *Williams*, 312 Mass. 656, 664-665 (1942).

Fraud or deceit "may be perpetrated by an implied as well as by an express representation." *Robichaud* v. *Owens-Illinois Glass Co.*, 313 Mass. 583, 585 (1943). A statement that, in form, is one of opinion, in some circumstances may reasonably be interpreted by the recipient to imply that the maker of the statement knows facts that justify the opinion. Restatement (Second) of Torts § 539 (1977). Such circumstances were present in this case in which an uninformed person purchased a used vehicle from a dealer in such items. The defendant's representation that the vehicle was in good condition reasonably implied that it was safe and operable and that the vehicle's oil requirements would be far less than they turned out to be. Therefore, we reject the defendant's argument that its representation concerning the good condition of the Plymouth was not a statement of fact.

We also reject the argument that the judge erred in concluding that the defendant's representation was recklessly made. It is enough that the judge found on adequate evidence that the defects in the vehicle were readily ascertainable by the defendant. If a statement of fact which is susceptible of knowledge is made as of one's knowledge and is false, it may be the basis of an action for deceit. *Pietrazak* v. *McDermott*, 341 Mass. 107, 109-110 (1960). See *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980); *Glickman* v. *Brown*, 21 Mass. App. Ct. 229, 235 (1985) ("a negligent misrepresentation of fact the truth of which is reasonably capable of ascertainment is an unfair and deceptive act or practice within the meaning of c. 93A, § 2 [*a*]"). We conclude that the award of damages under G. L. c. 231, § 85J, was free from error.[2]

We turn now to the c. 93A claim, which is significant only because it yielded an award of $1,700 attorney's fees. Under c. 93A, § 9 (4), if the judge finds that the defendant has committed an unfair or deceptive act or practice, the plaintiff

---

[2]We agree with the defendant that interest on the multiple damages portion of the § 85J damages award runs only from the date of judgment. See *Makino, U.S.A., Inc.* v. *Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 320-321 (1988).

is entitled to reasonable attorney's fees. Under c. 93A, § 9 (3), if the judge finds that the defendant's settlement offer was "reasonable in relation to the injury actually suffered" by the plaintiff-buyer, recovery is limited to "the relief tendered (plus attorney's fees incurred prior to the date of the buyer's rejection of the tender [G. L. c. 93A, § 9 (4)]). . . ." *Kohl* v. *Silver Lake Motors, Inc.,* 369 Mass. 795, 797 (1976). "A determination of reasonableness normally is a question of fact." *Id.* at 799. Our reasoning with respect to the c. 231, § 85J, claim also leads us to conclude that the defendant's misrepresentation concerning the condition of the vehicle constituted an unfair or deceptive act or practice under c. 93A. Apart from that issue, the defendant's only contention in support of the proposition that its settlement offer was reasonable as a matter of law appears to be that no causal connection has been shown between the defendant's misrepresentation and a loss sustained by the plaintiff. The argument is without merit.[3]

*Judgment affirmed.*

---

[3]In view of the awards of damages on the G. L. c. 231, § 85J, and c. 93A, § 9, claims, we have not dealt with the plaintiff's common law and breach of warranty claims. Because we have not dealt with the breach of warranty claims, we also have not addressed the defendant's argument that it was entitled to a reasonable opportunity to cure defects in the vehicle. The defendant properly does not appear to make "opportunity to cure" arguments in relation to the c. 231, § 85J, and c. 93A claims.