917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Haxton; Bank of Louisville, Plaintiffs-Appellants,
Cross-Appellees,
v.
CNA Financial Corporation, doing business as CNA Insurance
Company; American Casualty Company of Reading,
Pennsylvania, Defendants-Appellees,
Cross-Appellants.
 Nos. 89-6072, 89-6116.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1990.
 
 Before: JONES and GUY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal arises from the district court's grant of summary judgment to American Casualty on the grounds that Appellants' suit is premature. For the reasons stated below, we affirm.
 
 FACTS
 
 2
 Appellant Bank of Louisville was the trustee for a Kentucky Turnpike Authority refunding bond issue. The bond issue provided for early call dates on a certain series of bonds. However, Appellant Robert Haxton, the trust officer responsible for noting these early call dates, failed to do so. Consequently, interest payments, which would have ceased with the redemption of the bonds, continued to be made. The Bank calculated that $930,412.50 in interest was overpaid. However, all the bonds will not be redeemed until 2010, so no bondholder has to date suffered a loss due to a shortfall in the repayment fund.
 
 
 3
 The Bank had a directors' and officers' liability policy with American Casualty. After Haxton's mistake was discovered, the Bank's counsel wrote Haxton notifying him that the Bank, as trustee of the turnpike issue, was asserting a claim against him. Additionally, the Bank notified American Casualty of the incident. American Casualty began an investigation. However by February 1987, the parties had reached an impasse and Appellants filed suit seeking a declaratory judgment on insurance coverage, damages for breach of contract, and other remedies for the alleged improper handling of the claim. Based on a magistrate's recommendations, the district court granted summary judgment to American Casualty without prejudice on the grounds that the suit was premature. The Bank and Haxton appealed.
 
 ANALYSIS
 
 4
 The magistrate based his conclusion that the suit was premature on two clauses of the policy. Section 7(c) of the policy states:
 
 
 5
 No action shall be taken against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy nor until the amount of the Directors' or Officers' obligation to pay shall have been finally determined either by judgment against the Directors or Officers after actual trial, or by written agreement of the Directors or Officers, the claimant and the Insurer.
 
 
 6
 Additionally, section 1(d) of the policy defines "loss" as "any amount which the Directors and Officers are legally obligated to pay" or for which the Bank is required to indemnify or has indemnified the Directors or Officers for claims involving their wrongful acts. At this time, Haxton is not legally obligated to pay anyone and there is no judgment or settlement. Thus, the district court concluded that the suit was premature.
 
 
 7
 Appellants argue that despite its plain language, the no action clause is not a bar to this suit. To support this proposition, Appellants cite cases from various courts outside of this circuit. E.g., Paul Holt Drilling, Inc. v. Liberty Mutual Insurance Co., 664 F.2d 252 (10th Cir.1981); Kielb v. Couch, 149 N.J.Super. 522, 374 A.2d 79 (1977); Mayfair Construction Co. v. Security Insurance Co., 51 Ill.App.3d 588, 366 N.E.2d 1020 (1977). However, these cases are distinguishable in that they involved either the insurer's refusal to defend or provide coverage. No such issues exist in this case. Although Appellants assert that the insurer has denied coverage, American Casualty's position is that a claim for coverage has not ripened because the condition precedent of a judgment or settlement establishing the amount of Haxton's obligation has not been met.
 
 
 8
 Furthermore, this court and others have recognized the validity of no action clauses. See, e.g., Cissell v. American Home Assurance Co., 521 F.2d 790, 792 (6th Cir.1975), cert. denied, 423 U.S. 1074 (1976) (no action clause precluded suit by bankruptcy trustee on debtor's policy prior to judgment or settlement); Zaborac v. American Casualty Co., 663 F.Supp. 330 (C.D.Ill.1987) (no action clause precluded declaratory judgment action by bank directors until insureds' obligation has been determined by judgment or settlement). Likewise, we conclude that the plain language of the no action clause precludes Appellants' suit against American Casualty. Thus, we affirm the district court's determination that this action is premature.
 
 CROSS-APPEAL
 
 9
 On cross-appeal, American Casualty challenges certain factual findings concerning Haxton's fault, the amount of the deficiency in the bondholders' account, and whether the Bank asserted a valid claim against Haxton. American Casualty appeals these findings because the case was dismissed without prejudice and may be asserted again in the future. We decline to address this appeal because a party may not appeal from a judgment in his favor to obtain a review of findings that he considers erroneous when they are not necessary to support the judgment. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241 (1939); Balcom v. Lynn Ladder & Scaffolding Co., 806 F.2d 1127 (1st Cir.1986); see 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice Sec. 203.06, at 3-26, 3-27 (2nd ed. 1990). American Casualty concedes that the contested findings are unnecessary to the district court's ruling that the suit is premature. Therefore, American Casualty's concern about the use of the findings in any future litigation is unfounded because a finding must be necessary to the judgment to form the basis for collateral estoppel. Balcom, 806 F.2d 1127; Moore, supra. Accordingly, we dismiss the cross-appeal.