959 F.2d 231
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MEDINA CORPORATION, a South Carolina Corporation, Plaintiff-Appellee,
v.
CITY of Charleston, A Municipal Corporation; Joseph P.
Riley, Jr.; W. Foster Gaillard; Jerome Kinloch; Daniel R.
Richardson; Hilda Jefferson Hutchinson; Arthur Christopher;
Brenda Scott; Robert Ford; Henry Berlin; Mary Ader; William
Morea; W. L. Stephens, Jr.; John Thomas, in their official
capacity as City Council Members, Defendants-Appellants.
 No. 91-1554.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1992
Decided: April 7, 1992
 
 ARGUED: William B. Regan, Corporation Counsel, Frances I. Cantwell, Assistant Corporation Counsel, Charleston, South Carolina, for Appellants.
 William H. Vaughan, Jr., VAUGHAN & LAWRENCE, P.A., Charleston, South Carolina, for Appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The City of Charleston, South Carolina ("City"), appeals the order granting its motion for summary judgment and dismissing Medina Corporation's complaint. We dismiss the appeal for lack of jurisdiction.
 
 I.
 
 2
 In 1981, Medina bought an undeveloped piece of property in Charleston. At that time, the 20-acre parcel was zoned for "general business." In 1986, before Medina had taken any steps to develop the property, the City Council enacted an ordinance that rezoned the specific parcel to a single-family residential classification that would permit up to four units per acre. Medina actively opposed the change and argued that the property was unsuitable for residential development.
 
 
 3
 After the rezoning ordinance became final, Medina filed an action in state court claiming that the zoning change so devalued the property as to amount to a taking without just compensation in violation of the Fifth Amendment. The case was removed to federal court. The City moved for summary judgment on the grounds that Medina's failure to seek a variance and to submit a development plan under the rezoned classification rendered the action premature and nonjusticiable.
 
 
 4
 The district court agreed with Medina that seeking a variance would be futile. Although a city ordinance empowers the Board of Adjustment to grant variances, the Board's authority in this respect is circumscribed by a state statute that requires the Board to observe "the spirit of [the] ordinance" from which a variance is sought. S. Car. Code Ann. § 5-23-100 (1976). The court reasoned that the rezoning ordinance was obviously intended to halt the commercial development of Medina's property and, therefore, any variance from this purpose would violate the spirit of the ordinance. The court further found, however, that Medina's failure to file a meaningful development plan with the City precluded court action on the takings claim, and the action was dismissed.
 
 II.
 
 5
 Medina appealed the order, and the City cross-appealed the court's determination that excused, on futility grounds, Medina from the usual rule of exhaustion requiring an attempt to obtain a variance. Medina eventually dismissed its appeal, but the City forged on with its cross-appeal. We now dismiss the City's appeal.
 
 A.
 
 6
 A claim that a governmental regulation effects an uncompensated taking will only be entertained by the courts after the regulation at issue has become final; until then, the case is not ripe. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 186-87 (1985). Finality is not achieved until two events have occurred: the exhaustion of administrative remedies and the submission of a development plan. These aspects of finality are animated by different concerns. Exhaustion is required because it might lead to a mutually agreeable resolution of the problem and thus the need to address the constitutional issue would be obviated. The development plan requirement enables the court to evaluate the economic impact of the challenged regulation. Id .
 
 
 7
 Medina clearly must file a development plan if it wishes to further pursue its takings claim; the district court so held, and the appeal from this decision has been voluntarily dismissed. The City prevailed below, but now it wants this court to magnify its victory with a ruling that the futility decision below was in error.
 
 B.
 
 8
 The general rule is that "[a] party cannot appeal a judgment in its favor, because it lacks a 'personal stake in the appeal' sufficient to support appellate jurisdiction." Balcom v. Lynn Ladder and Scaffolding Co., Inc., 806 F.2d 1127 (1st Cir. 1986) (quoting Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 336 (1980)). Both parties now urge us to tell them whether Medina must first attempt to get a use variance before refiling its takings action. At bottom, the issue is whether the district court's futility determination has any preclusive effect on the City's ability to raise Medina's failure to exhaust in future litigation.*
 
 
 9
 Contrary to the City's assertion in its supplemental brief, Medina has not been "relieved of pursuing an available administrative remedy...." The issue of the variance requirement is not precluded in future litigation should Medina again file a takings action. Though litigated below, the challenged finding simply was not essential to the judgment in the City's favor. We do not think that the City has "a stake in the appeal satisfying the requirement of Art. III" sufficient to bring this appeal outside the usual rule that only aggrieved parties may appeal. Deposit Guaranty, 445 U.S. at 334.
 
 DISMISSED
 
 
 *
 In a supplemental brief filed on the jurisdictional question, Medina states that "[i]t will not apply for a variance in reliance on the subject holding of futility."