**Rita M. FOISY, Plaintiff**

v.

**ROYAL MACCABEES LIFE INSURANCE COMPANY and Reassure America Life Insurance Company, Defendants**

**No. CIV.A.01–30096–KPN.**

United States District Court, D. Massachusetts.

Dec. 24, 2002.

Raipher D. Pellegrino, Raipher D. Pellegrino & Associates, P.C., Springfield, for Rita M. Foisy, Plaintiff.

Philip M. Howe, Lecomte, Emanuelson, Motejunas & Doyle, Quincy, for Royal Maccabees Life Insurance Company, Reassure America Life Insurance Company, Defendants.

## MEMORANDUM AND ORDER WITH REGARD TO COUNT V OF PLAINTIFF'S COMPLAINT

NEIMAN, United States Magistrate Judge.

This six-count action was brought by Rita Foisy ("Plaintiff") against Royal Maccabees Life Insurance Company and Reassure America Life Insurance Company ("Defendants") with regard to an annuity contract. Prior to the matter going to the jury in September of 2002, the court dismissed three counts: Counts II (quantum meruit), III (intentional misrepresentation) and VI (alleging a violation of Mass.Gen. L. ch. 175, § 129). On September 12, 2002, the jury found in Plaintiff's favor with respect to two counts: Count I (breach of contract) and Count IV (negligent misrepresentation).

All that remains, therefore, is Count V, which alleges a violation of the Massachusetts Consumer Protection Act, specifically, Mass. Gen. L. chs. 93A and 176D (hereinafter "chapter 93A" and "chapter 176D"). This claim was reserved by the court for its consideration. *See Wallace Motor Sales, Inc. v. Am. Motors Sales Corp.*, 780 F.2d 1049, 1066 (1st Cir.1985) (noting that with "no right to a jury trial under chapter 93A ... it [i]s for [the court] to decide ... whether the statute ha[s] been violated and what kind of relief is warranted") (emphasis omitted); *Guity v. Commerce Ins. Co.*, 36 Mass.App.Ct. 339, 631 N.E.2d 75, 76 (1994) (as "[t]here is no right to a trial by jury in an action under c. 93A," it is up to trial judge to consider a chapter 93A claim that, in turn, invokes chapter 176D). For the reasons stated below, the court will enter a verdict in Defendants' favor on Count V.

## I. BACKGROUND

The court summarizes the relevant facts adduced at trial and the post-trial evidentiary hearing. On April 27, 1994, Plaintiff entered into a life insurance annuity contract with Defendants for which she paid $40,000. On May 18, 1994, according to the contract, Plaintiff began receiving monthly payments of $710.99.

Defendants made sixty such payments ($42,659.40 total), Plaintiff's "final" payment having been received in April of 1999. Plaintiff believed, however, that the contract granted her monthly payments until "death" and, therefore, became concerned when she failed to receive a payment in May of 1999. After unsuccessfully trying to resolve the matter informally, Plaintiff initiated this action on March 29, 2001.

The jury sided with Plaintiff. With respect to Count I (breach of contract), the jury found that Defendants had breached the annuity contract and that Plaintiff was entitled to $29,150.59 in damages (the agreed-upon total of monthly payments since the "final" one) plus the future receipt of monthly annuity payments of $710.99 until her death. With respect to Count IV (negligent misrepresentation), the jury found that Defendants were liable to Plaintiff in the amount of $20,000.

On November 5, 2002, the court took additional testimony and evidence with respect to Count V, Plaintiff's chapters 93A–176D cause of action. That evidence revealed that, sometime after her payments stopped in April of 1999, Plaintiff contacted her son-in-law Gerald Healy, the insurance agent who had sold her the policy. In November of 1999, Healy tried to seek clarification from Defendants, but "encountered great difficulty" because they had hired a third-party, "Cybertech," to administer Plaintiff's contract.

After a few months of wrangling, a Cybertech representative, by letters dated January 25 and March 10, 2000, advised Plaintiff that she was entitled to no further payments. The representative, a self described "legal assistant," testified that she upheld the decision to deny Plaintiff further benefits after only a "one hour" review. Frustrated, Plaintiff sent Defendants a chapter 93A demand letter dated May 4, 2000, which they received on May 8, 2000. In a response letter dated June 19, 2000, Defendants denied liability.

## II. DISCUSSION

Plaintiff makes a variety of arguments under the umbrella of Count V. First, Plaintiff asserts that Defendants violated section 3(9)(f) of chapter 176D (through chapter 93A) by failing to promptly make a fair and reasonable offer of settlement. Second, Plaintiff contends that Defendants made misrepresentations as to the contract's coverage and, thereby, violated section 3(1)(a) of chapter 176D. Third, Plaintiff makes a "pure" chapter 93A argument, i.e., she asserts that the jury's negligent misrepresentation verdict "equates" to a violation of chapter 93A. Fourth, Plaintiff asserts that Defendants' "late" chapter 93A response somehow subjects them to liability. Finally, Plaintiff contends that she is entitled to multiple damages by reason of Defendants' knowing and wilful commission of unfair and deceptive acts or, at least, to attorney's fees and costs. The court will address these arguments seriatim.

### A. Chapter 176D, § 3(9)(f)

Chapter 176D addresses unfair or deceptive acts or practices in the business of insurance. In applicable part, section 3(9) defines certain "unfair claim settlement practices," Mass. Gen. L. ch. 176D, § 3(9), and, in turn, chapter 93A provides a private right of action against insurers who engage in such practices, see Mass. Gen. L. ch. 93A, § 9(1) ("[A]ny person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action … for damages …."). Here, Plaintiff asserts that Defendants engaged in a particular "unfair claim settlement practice" de-

scribed in section 3(9), namely, the "[f]ail[ure] to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." Mass. Gen. Laws ch. 176D, § 3(9)(f).[1]

An insurer's obligation to promptly settle under section 3(9)(f) "does not arise until 'liability has become reasonably clear.'" *Clegg v. Butler*, 424 Mass. 413, 676 N.E.2d 1134, 1140 (1997). Whether liability is "reasonably clear" is determined by an objective standard; the appropriate test is "'whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insurer was liable to the plaintiff.'" *Nyer v. Winterthur Int'l*, 290 F.3d 456, 461 (1st Cir.2002) (quoting *Demeo v. State Farm Mut. Auto. Ins. Co.*, 38 Mass.App.Ct. 955, 649 N.E.2d 803, 804 (1995)). *Accord M. DeMatteo Constr. Co. v. Century Indem. Co.*, 182 F.Supp.2d 146, 163 (D.Mass.2001) (Young, Chief J.).

 While there is some merit to Plaintiff's argument that Defendants spent only a short amount of time considering her claim, the court does not deem Defendants' actions, when viewed in their entirety, as violating section 3(9)(f). There was sufficient evidence that the third-party administrator, Cybertech, adequately reviewed Plaintiff's file. That Cybertech's representative and others believed that Plaintiff was ineligible for more than five years of annuity payments, as Plaintiff claimed and ultimately demonstrated at trial, does not mean that Defendants ought to have concluded at the time of the representative's review that they were liable to Plaintiff. The evidence adduced at trial, particularly that of the parties' respective experts, shows that "reasonable" persons can dis-

agree about the interpretation of the instant contract. In short, Plaintiff's contention that Defendants engaged in unfair settlement practices is not borne out by the evidence.

### B. *Chapter 176D, § 3(1)(a)*

In pertinent part, section 2 of chapter 176D prohibits insurance companies from "engag[ing] in this commonwealth in any trade practice which is defined in this chapter as ... an unfair or deceptive act or practice in this business of insurance." Mass. Gen. L. ch. 176D, § 2. For its part, section 3(1)(a) of chapter 176D, upon which Plaintiff relies, defines as an "unfair or deceptive act or practice in the business of insurance" an insurance company's statement which "misrepresents the benefits, advantages, conditions, or terms of any insurance policy." Mass. Gen. L. ch. 176D, § 3(1)(a).

 Plaintiff's reliance on chapter 176D, § 3(1)(a) is misplaced for at least two reasons. First, she does not have a private right of action under either section 2 or section 3(1)(a). *See Thorpe v. Mut. of Omaha Ins. Co.*, 984 F.2d 541, 544 n. 1 (1st Cir.1993) ("chapter 176D prohibiting unfair and deceptive insurance practices ... provides no private cause of action and is enforceable only by the commissioner of insurance"); *Grande v. PFL Ins. Co.*, 2000 Mass.App. Div. 261, 2000 WL 1476676, at *4 (Mass.App.Div. Sep. 27, 2000) (unlike with § 3(9), which the Massachusetts Legislature has made "actionable under G.L. c. 93A[,] ... [t]he Legislature did not include violations of § 3(1) or any other section of that statute"). Second, even assuming she had a private right of action, the fact that

---

**1.** To be sure, Plaintiff's counsel indicated just prior to calling his first witness at the evidentiary hearing that he might attempt to proceed under subsections (a)-(d), (f)-(h) and (m) of section 3(9), but his post-hearing memoranda make clear that he is only invoking subsection (f).

the contract was ambiguous—even to the point of having different interpretations by Defendants' various witnesses—does not mean that Defendants purposely "misrepresented" any benefit such that liability under chapter 176D would be appropriate. Thus, it is of no moment that the ambiguity was resolved by the jury in Plaintiff's favor in the context of Count I, the breach of contract claim. *See Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47, 55 (1st Cir.1998) (simple breach of contract is insufficient basis for chapter 93A liability); *Madan v. Royal Indem. Co.*, 26 Mass.App. Ct. 756, 532 N.E.2d 1214, 1217 (1989) ("the mere breach of a contract, without more, does not amount to a c. 93A violation").

## C. *"Pure" Chapter 93A Claim Via Jury's "Negligent Misrepresentation" Verdict*

Even though chapter 176D (with the exception of section 3(9)) contains no private right of action, chapter 93A, which does allow private claims, "encompasses unfair and deceptive insurance practices." *Thorpe*, 984 F.2d at 544 n. 1 (citing *Dodd v. Commercial Union Ins. Co.*, 373 Mass. 72, 365 N.E.2d 802 (1977)). Specifically, section 2 of chapter 93A makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce" and section 9(1), in turn, states that "[a]ny person ... who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two ... may bring an action for damages ...." Mass. Gen. L. ch. 93A, §§ 2, 9(1). It is in this context that Plaintiff raises a "pure" chapter 93A claim, namely, that the jury's verdict with respect to Count IV—that Defendants engaged in "negligent misrepresentations"—"equates" to a violation of section 2.

Plaintiff's position has superficial appeal. The Massachusetts Appeals Court has twice stated "that 'negligent misrepresentation of fact the truth of which is reasonably capable of ascertainment is an unfair and deceptive act or practice within the meaning of c. 93A, § 2(a).'" *Golber v. BayBank Valley Trust Co.*, 46 Mass.App. Ct. 256, 704 N.E.2d 1191, 1194 (1999) (quoting *Glickman v. Brown*, 21 Mass. App.Ct. 229, 486 N.E.2d 737, 741 (1985), *abrogated on other grounds by Cigal v. Leader Dev. Corp.*, 408 Mass. 212, 557 N.E.2d 1119, 1121 n. 8 (1990)). And here, the jury found—as the agreed-upon instructions made clear—that Defendants negligently misrepresented facts and that the truth of those facts was reasonably capable of ascertainment.[2]

This court, of course, is not bound by the jury's finding. *See Poly v. Moylan*, 423 Mass. 141, 667 N.E.2d 250, 257 (1996) ("A judge may make independent and, therefore, different, findings on the c. 93A

---

2. In full, the court's Instruction No. 28 stated as follows:

Plaintiff may recover money damages from Defendants for negligent misrepresentation if and only if she proves the following five elements by a preponderance of the evidence:

1. that Defendants made a false statement to Plaintiff concerning some fact that a reasonable person would consider important to the decision that Plaintiff was about to make;

2. that when Defendants made the statement, they negligently failed to determine whether it was true or false, that is, they made the statement without using the amount of care a reasonable person would use in the same circumstances to determine that what was said was true;

3. that Defendants made the false statement with the intention that Plaintiff would rely on that statement when making her decision;

4. that in making her decision, Plaintiff did in fact rely on that statement; and

5. that Plaintiff suffered some financial loss as a result of relying on Defendants' false statement.

aspect of a case that arises from the same facts which gave rise to parallel common law claims."); *Guity*, 631 N.E.2d at 76 ("[T]he judge's independent findings may be contrary to those found by the jury."). More importantly for purposes here, it is clear that a chapter 93A violation can be based in negligence *only* when the negligence "is paired with an unfair or deceptive act or practice." *Damon v. Sun Co.*, 87 F.3d 1467, 1485 n. 10 (1st Cir.1996) (citing *Squeri v. McCarrick*, 32 Mass.App. Ct. 203, 588 N.E.2d 22, 24 (1992)). Stated another way, "negligence plus rascality" is needed to impose chapter 93A liability. *Id. See also Glickman*, 486 N.E.2d at 741 (while "a *deceptive* act which is the result of a defendant's negligence is actionable without more," "a *negligent* act, standing by itself, does not amount to a violation of § 2") (emphasis added).

The Massachusetts Supreme Judicial Court ("SJC")'s decision in *Walsh v. Chestnut Hill Bank & Trust Co.*, 414 Mass. 283, 607 N.E.2d 737 (1993), is instructive in this regard. There, the jury found that the defendant-bank withheld a key fact from the plaintiff-investor, i.e., that the mortgage at issue was not a first mortgage (as it had previously told her). *Id.* at 739. As a result of this omission, the jury found the bank liable for "negligently mak[ing] false representations of material fact to [the plaintiff] on which she reasonably relied to her detriment" and that it had violated the "covenant of good faith and fair dealing." *See id.* The trial judge, however, determined that the bank's acts were not "unfair or deceptive." *See id.* at 740. The SJC affirmed and, in doing so, reiterated its long-standing position that " 'not every negligent act is unfair or deceptive and thus unlawful under G.L. ch. 93A.' " *Id.* (quoting *Swanson v. Bankers Life Co.*, 389 Mass. 345, 450 N.E.2d 577, 580 (1983)). Again, there must be deception or rascality for chapter 93A liability to be imposed.

*Compare Briggs v. Carol Cars, Inc.*, 407 Mass. 391, 553 N.E.2d 930, 932 (1990) (upholding application of sections 2 and 9 of chapter 93A where defendant made "reckless" misrepresentations).

Try as she might, Plaintiff has not demonstrated that Defendants' negligence is paired with any deception or rascality such that chapter 93A liability might be appropriate. Indeed, it was for a similar reasons that the court, at the close of Plaintiff's evidence, allowed Defendants' motion for a directed verdict with respect to Plaintiff's intentional misrepresentation claim. (See Docket No. 57.) Moreover, unlike in *Walsh*, there was not even a breach of the covenant of good faith and fair dealing in the instant matter. Thus, as in *Walsh*, the court rejects Plaintiff's attempt to bootstrap the jury's negligent misrepresentation verdict into a violation of chapter 93A.

### D. Defendants' Allegedly "Late" Chapter 93A Response

A defendant that makes a "written tender of settlement" within thirty days after receiving a chapter 93A demand letter can limit its liability to the amount of the tender. *See* Mass. Gen. L. ch. 93A, § 9(3). Here, however, the court has found that there is no chapter 93A violation. Accordingly, the fact that Defendants' June 19, 2000 response to Plaintiff's chapter 93A demand was outside the thirty-day window (more than thirty days after May 8, 2000, the day Defendants received Plaintiff's chapter 93A demand) is inconsequential.

### E. Multiple Damages, Attorney's Fees and Costs

As the parties are well aware, multiple damages are available under chapter 93A only if the defendant is liable:

*[I]f the court finds for the petitioner,* recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater, or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two.

Mass. Gen. L. ch. 93A, § 9(3) (emphasis added). The court having found for Defendants here, multiple damages are simply not available to Plaintiff. For the same reason, attorney's fees and costs are also unavailable. *See* Mass. Gen. L. ch. 93A, § 9(4) (attorney's fees and costs shall be awarded only "[i]f the court finds in any action commenced hereunder that there has been a violation of section two").

### III. CONCLUSION

For the reasons described, the court hereby enters a verdict in Defendants' favor on Count V. A separate judgment shall issue.

IT IS SO ORDERED.