# United States Court of Appeals
## For the First Circuit

Nos. 07-2828, 08-1075, 08-1076

IN RE:  TJX COMPANIES RETAIL SECURITY BREACH LITIGATION.

AMERIFIRST BANK and SELCO COMMUNITY CREDIT UNION,

Plaintiffs, Appellees/Cross-Appellants,

v.

TJX COMPANIES, INC., FIFTH THIRD BANK and FIFTH THIRD BANCORP,

Defendants, Appellants/Cross-Appellees.

ERRATUM

The opinion of this Court, issued on March 30, 2009, should be amended as follows:

The following paragraphs replace the paragraphs starting with the first full paragraph on page 13 of the prior decision through the second full paragraph beginning on the same page and ending at the top of page 14.

To bring conduct within the unfairness rubric of chapter 93A does not require that it have been specifically condemned by the FTC which has itself identified general factors to consider in identifying unfairness.  The SJC has held that

> Relying on FTC interpretations . . . the following are 'considerations to be used in determining whether a practice is to be deemed unfair': "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of

> unfairness; (2) . . . is immoral, unethical,
> oppressive, or unscrupulous; (3) . . . causes
> substantial injury [to] . . . competitors or
> other businessmen."[1]

Datacomm is itself an example of this approach. Id.; see also Chapter 93A Rights & Remedies § 2.3.1 (Hon. Margot Botsford ed., MCLE 2d ed. 2007).

If the charges in the complaint are true (and obviously the details matter), a court using these general FTC criteria might well find in the present case inexcusable and protracted reckless conduct, aggravated by failure to give prompt notice when lapses were discovered internally, and causing very widespread and serious harm to other companies and to innumerable consumers. And such conduct, a court might conclude, is conduct unfair, oppressive and highly injurious--and so in violation of chapter 93A under the FTC's interpretation.

Further, we do not think irrelevant the host of FTC complaints and consent decrees condemning as "unfair conduct" specific behavior similar to that charged by plaintiffs. Whitinsville's broad language occurred where the court itself concluded on the merits that the conduct in question--a legal challenge in court--was reasonably justified; and the decision may mean no more than that a consent decree does not establish a per se violation. Whitinsville, 378

---

[1]Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778 (1986) (quoting PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975)). The FTC adopted the factors in a general statement, 29 Fed. Reg. 8325, 8355 (1964), noted approvingly in FTC v. Sperry & Hutchison Co., 405 U.S. 233, 244 (1972).

Mass. at 101.  Further, <u>Whitinsville</u> is not the SJC's only or latest word on the subject.

On the contrary, prior to <u>Whitinsville</u> the SJC had expressly relied on an FTC consent decree in one case, <u>Schubach</u> v. <u>Household Finance Corp.</u>, 375 Mass. 133, 135 (1978), and FTC advisory opinions in another, <u>PMP</u>, <u>supra</u>, 366 Mass. at 598-99; and, quite recently, the SJC invoked a consent decree secured by the Federal Deposit Insurance Corporation as providing relevant standards under chapter 93A (although not to establish liability since consent decrees do not usually determine facts):

> The fact that the FDIC ordered Fremont to cease and desist from the use of almost precisely the loan features that are included in the judge's list of presumptively unfair characteristics indicates that the FDIC considered that under established mortgage lending standards, the marketing of loans with these features constituted unsafe and unsound banking practice with clearly harmful consequences for borrowers Such unsafe and unsound conduct on the part of a lender, insofar as it leads directly to injury for consumers, qualifies as 'unfair' under G. L. c. 93A, § 2.

<u>Commonwealth</u> v. <u>Fremont Inv. & Loan</u>, 452 Mass. 733, 747-48 (2008).

Where, as here, a substantial body of FTC complaints and consent decrees focus on a class of conduct, it is hard to see why a court would choose flatly to ignore it.  FTC precedent and factors serve to offset the vagueness of chapter 93A; but they are ordinarily instructive rather than conclusive.  In all events, whether one relies on the general FTC factors identified above or the more precise precedents, the plaintiffs chapter 93A claim based on an FTCA theory should not be dismissed on the complaint--unless derailed by

other counter-arguments to which we now turn.