In the

# United States Court of Appeals

### For the Seventh Circuit

No. 03-2991

KERR-MCGEE CHEMICAL CORPORATION,

*Plaintiff-Appellee,*

*v.*

LEFTON IRON & METAL COMPANY and
LEFTON LAND & DEVELOPMENT COMPANY,
INCORPORATED,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 90-3551-GPM—**G. Patrick Murphy**, *Judge.*

ARGUED APRIL 3, 2009—DECIDED JUNE 30, 2009

Before EASTERBROOK, *Chief Judge*, and EVANS and SYKES,
*Circuit Judges*.

PER CURIAM. Fifteen years ago, this court held that Kerr-
McGee is entitled to collect from Lefton Iron & Metal
(and a sister firm that we need not discuss separately)
the costs of cleaning up an industrial site in southern
Illinois. *Kerr-McGee Chemical Corp. v. Lefton Iron & Metal*

*Co.*, 14 F.3d 321 (7th Cir. 1994). After a trial the district court entered judgment for $4.8 million, covering Kerr-McGee's expenses through 1996. Everyone recognized that additional proceedings would be required if, as anticipated, Kerr-McGee made additional outlays to comply with state and federal environmental laws. In 2000 the district court ordered the two Lefton entities liquidated in order to raise money to reimburse Kerr-McGee; a receiver was appointed to marshal the firms' assets. In June 2003 the district court amended the judgment, increasing the Leftons' total liability to $9.5 million.

The Leftons maintain that this number is too high—not only because the district court did not require Kerr-McGee to prove that the $4.7 million spent since 1996 was reasonable, but also because they should receive credit for amounts paid over by the receiver and whatever Kerr-McGee had collected from its insurers. The district judge replied that any argument that the liability had been satisfied in whole or in part should be addressed in proceedings to execute on the judgment. The judge also told the Leftons that they should file a separate motion concerning the treatment of insurance proceeds.

Instead of a motion, however, the Leftons filed a notice of appeal. Five years of settlement negotiations ensued. When the appeal was finally argued, the first question was whether there is a "final decision" appealable under 28 U.S.C. §1291. For although the district court entered a money judgment, the judge also told the parties that the damages are provisional and may be reduced by the insurance that Kerr-McGee has collected. Kerr-McGee

relies on the collateral-source doctrine. See *Restatement (Second) of Torts* §920A(2) (1979). The Leftons do not explain why Kerr-McGee's insurance should redound to their benefit rather than Kerr-McGee's stockholders, who paid for the coverage. But the judge did not consider whether the collateral-source doctrine applies to CERCLA litigation and left the question open, inviting a motion to change the amount of the judgment.

The district judge might have thought that he could postpone resolution of the collateral-source issue until this court had addressed all other questions. But the judge did not enter a partial final decision under Fed. R. Civ. P. 54(b) and could not have done so. Rule 54(b) does not permit a district court to send issues of liability to the court of appeals while the amount of damages remains unresolved. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976). We added in *Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990), that this principle applies when disputes about insurance are the source of the uncertainty about who owes how much to whom. See also *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989) (quantification of damages must be completed before the decision is final; thus a district court's failure to decide whether to add prejudgment interest prevents an appeal). That a judgment "looks final" does not *make* it final and appealable, if the district judge plans to take up additional issues. See *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431 (7th Cir. 1992).

If the judge had overlooked the dispute about who gets the benefit of the insurance proceeds, then the decision

would be final—for the district court would have completed everything it set out to accomplish—and we would remand so that the job could be finished. See *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725 (7th Cir. 2006). But here the district judge recognized that one question affecting damages was unresolved and announced his willingness to tackle it after the Leftons filed an appropriate motion. Thus from the district judge's perspective the litigation is not over, and the decision is not "final."

In a supplemental memorandum after argument, the Leftons observe that a dispute about satisfaction of a judgment does not prevent appeal and contend that the unresolved question about application of the insurance proceeds should be treated similarly. The premise is correct: appeal is possible once the district court has fixed the parties' legal entitlements. Collection and satisfaction are post-judgment matters, grouped with all other issues related to a judgment's execution. See Fed. R. Civ. P. 69. Who gets the benefit of Kerr-McGee's insurance concerns how much the Leftons should be ordered to pay in the first place, however; it affects how much they owe Kerr-McGee rather than whether any of that liability has been paid off.

The appeal is dismissed for want of jurisdiction. Once the district court has decided who gets the benefit of the insurance proceeds (and any other issue that may have arisen in the years since the 2003 decision), the judgment will be final and any adversely affected party may appeal. The parties may then proceed on the briefs

already on file, adding short supplements (no more than ten pages) to address the district judge's new decision. Any appeal from the final decision will be submitted to this panel for decision without additional oral argument. As this litigation has become extraordinarily protracted, we urge both the parties and the district judge to act with dispatch.