**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 3, 2010
Decided January 14, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 10-2044 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| FRONTIER INSURANCE COMPANY IN REHABILITATION, *Plaintiff-Appellee*, | No. 1:08-cv-00531 |
| *v.* | Sarah Evans Barker, *Judge*. |
| J. ROE HITCHCOCK, et al, *Defendants-Appellants*. | |

**O R D E R**

Frontier Insurance Company moved for summary judgment seeking specific performance and damages against J. Roe Hitchcock, Terry Whitesell, and Timothy Durham (Indemnitors) to recover on a General Agreement of Indemnity (GAI) the Indemnitors executed in favor of Frontier. The district judge granted Frontier's motion with respect to the specific performance claim finding that "a final judgment on the claim for specific performance be made under Fed. R. Civ. P. 54(b), there being no just reason for delay." Because we find that the requirements of Rule 54(b) have not been met, we dismiss this

appeal for lack of jurisdiction.[1]

In September 1999, the predecessor of CT Acquisition Corp. (CT) purchased Evans Trailers and John Evans Sales Co., Inc. (Evans Company) under a Stock Purchase Agreement. The Indemnitors were the principals of CT. The principals of the Evans Company included Thomas Spencer, Curtis Spencer, and Cameron Evans (the Spencers).

The consideration CT gave the Evans Company for the stock included a promissory note in the amount of $1.2 million. The Stock Purchase Agreement required that Frontier secure it with a business buy-out bond issued in favor of the Spencers. In December 1999, the parties issued a Surety Bond in favor of the Spencers for $1.2 million. The Surety Bond provides that "in the event of a default under the [Stock Purchase] Agreement, [Frontier] shall become liable for the immediate payment to [the Spencers] of a specific sum equal to the total of all amounts due or to become due under the Agreement which have not been paid to [the Spencers]."

Frontier required the Indemnitors, as principals of CT, to sign a GAI in favor of Frontier before issuing the Surety Bond. The relevant sections of the GAI provide that:

> 1) At all times to indemnify and save the Company free and harmless of any and all losses, damages, costs and expenses of whatever kind or nature by reason of the execution of any of the said bonds including unpaid premiums of the Company.
>
> . . . .
>
> 3) Upon written demand from the Company, to deposit with the Company funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that any voucher or other evidence of payment by the Company of any such loss, damage, costs and expense shall be prima facie evidence of the fact and amount of the Undersigned's liability to the Company under this Agreement.

---

[1] Two days ago, on January 12, 2011, Frontier filed a "Notice of Entry Pursuant to Circuit Rule 57" indicating that the district court (apparently the case has been reassigned from Judge Barker to Judge Pratt) is "inclined" to grant a motion to modify the judgment. We have not yet asked the appellants to state their position on the point raised in the notice. This order, however, moots the matter as the case will now return to the district court for further proceedings on all issues.

Several months later, CT failed and was in default on its obligations under the Stock Purchase Agreement and promissory note. Furthermore, on October 15, 2001, the Supreme Court for the State of New York entered an order of rehabilitation against Frontier. Frontier remains in rehabilitation at this time.

As a result of CT's default, on September 13, 2002, and despite an injunction in the order of rehabilitation, the Spencers filed suit against Frontier in the state court of South Carolina seeking recovery under the Surety Bond. Frontier removed the case to federal court. The South Carolina district court stayed the Spencer suit, citing the continuing rehabilitation of Frontier and the *Burford* abstention doctrine. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). In the spring of 2004, Frontier made a written demand to the Indemnitors under section 3 of the GAI that they deposit collateral in the amount of $1.2 million to be held by Frontier as security against any loss, damage, cost or expense Frontier might incur on the Surety Bond. The Indemnitors refused to comply.

Frontier then brought an action against the Indemnitors in the Southern District of Indiana in 2004. Frontier asserted that the Indemnitors had an obligation under section 3 of the GAI to deposit funds to meet its possible liability to the Spencers on the Surety Bond. By the time the 2004 case was tried on December 22, 2005, the judge in the South Carolina Spencer suit had lifted the stay, allowing the Spencers to proceed against Frontier on the Surety Bond, but the case had not been resolved and no liability of Frontier to the Spencers had been established. In the Southern District of Indiana, then-district court Judge Tinder held that the obligation of the Indemnitors to make a deposit under section 3 had not yet been triggered. In other words, the claim was not yet ripe.

On March 31, 2006, the United States District Court for the District of South Carolina entered a judgment in favor of the Spencers and against Frontier for $1,559,256.78 ($1,328,895 in principal and accrued interest and $230,361.78 in attorney's fees and costs). The United States Court of Appeals for the Fourth Circuit affirmed the judgment against Frontier on August 26, 2008.

On April 23, 2008 Frontier filed this action against the Indemnitors arguing that the 2004 case was now ripe. On March 30, 2010, the new district judge assigned to the case agreed and entered her order on the parties' cross-motions for summary judgment, granting Frontier's motion for summary judgment with respect to its claim for specific performance of the Indemnitors' obligations to deposit funds. The judge found that the entry of judgment in the Spencer action created a mature liability which triggered the Indemnitors' obligation to deposit collateral.

The judge's order states:

> A judgment of specific performance in favor of Frontier and
> against the defendants will be entered consistent with this
> order.  Further, the court directs that a final judgment on the
> claim for specific performance be made under Fed. R. Civ. P
> 54(b), there being no just reason for delay.

The judge has not, however, determined how much money the Indemnitors must deposit.
Moreover, the judge retained jurisdiction to address the disposition of any funds deposited
with the court pursuant to its judgment of specific performance and to further adjudicate
the remaining claim of Frontier for indemnity damages.  The Indemnitors now appeal.

While the judge clearly used the appropriate language to grant a final order under
Rule 54(b), we do not have jurisdiction to hear the Indemnitors' appeal at this time.  This
court has jurisdiction over appeals from a district judge's final decision under 28 U.S.C. §
1291.  "Generally, an order constitutes a final decision if it ends the litigation and leaves
nothing to be decided in the district court."  *United States v. Ettrick Wood Products, Inc.*, 916
F.2d 1211, 1216 (7th Cir. 1990).  In this case, the judge unquestionably entered an order
granting "final judgment on the claim of specific performance be made under Fed. R. Civ. P.
54(b), there being no just reason for delay."  But the judge did not determine how much
money the Indemnitors must deposit into the account.

The Supreme Court has held that "it is obvious that a final judgment for money
must, at least, determine, or specify the means for determining, the amount" to be awarded.
*United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958).  In *Kerr-McGee Chemical
Corp. v. Lefton Iron & Metal Co.*, we found that "[r]ule 54(b) does not permit a district court to
send issues of liability to the court of appeals while the amount of damages remains
unresolved."  570 F.3d 856, 857 (7th Cir. 2009) (citing *Liberty Mutual Insurance Co. v. Wetzel*,
424 U.S. 737 (1976)); *see also Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 591 (7th Cir. 1990)
("Judgments must award relief. . . . A document saying that judgment is entered, but not
saying who is entitled to what from whom, is ineffectual.").

The Indemnitors argue that *Liberty Mutual* should not apply here because the issue is
specific performance and not money damages.  But in this case that distinction does not
make sense.  First, the specific performance here is depositing money into an account to
meet Frontier's liability on a bond executed in reliance of the GAI.  There is no reason to,
and the Indemnitors cite no cases counseling us to, draw a distinction between money
damages and specific performance that requires one party to deposit money into an account
for the other party.  *Schlehan v. Olympic Worldwide Communications (In re Martin-Trigona)*, 763
F.2d 135, 138-39 (2nd Cir. 1985) (dismissing an appeal of an order granting specific

performance—placing proceeds of the sale of real property into an escrow account—but retaining jurisdiction to determine distribution and other issues). Moreover, the judge did not determine whether the specific performance she ordered includes pre- or post-judgment interest. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (quantification of damages must be completed before the decision is final; thus a district court's failure to decide whether to add pre-judgment interest prevents an appeal). The judge also did not determine whether the amount to be deposited would be equal to the original judgment from the Spencer suit or the amount determined after Frontier's trek through rehabilitation is completed.

Second, in *Horn* we added that the principle in *Liberty Mutual* also applies when disputes about insurance are the source of the uncertainty about who owes how much money to whom. 898 F.2d at 591. While this case is not about insurance, but rather an indemnity agreement, the judge neither determined how much money the Indemnitors have to deposit into the account, nor whether pre- or post-judgment interest applies. As with the insurance in dispute in *Horn*, *Liberty Mutual* applies to the indemnification agreement under the GAI.

Furthermore, in *Kerr-McGee* we held that just because "a judgment 'looks final' does not *make* it final and appealable, if the district judge plans to take up additional issues." 570 F.3d at 857 (emphasis in original). The district court was clear that it wanted to retain jurisdiction to "address the disposition of any funds received for deposit with the court under the judgment of specific performance." Therefore, the judge has not completely disposed of the issue, and under *Kerr-McGee* the judgment is not final and cannot now be appealed.

Until the judge has determined the amount that the Indemnitors must deposit into the account and has completely finalized all issues under the specific performance order, our precedent dictates that the order is not appealable. Accordingly, at this time we do not reach the issue of whether the Indemnitors must deposit money into the account now or after Frontier has paid the Spencers. We do note, however, and as Judge Tinder noted in the 2004 case, the convoluted language of the GAI suggests that the Indemnitors must pay Frontier only after Frontier has actually paid the Spencers.

For these reasons, the appeal is DISMISSED for want of jurisdiction.