NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 12-3752 & 13-1083

| | |
|---|---|
| ERIC ONYANGO, | Appeals from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 11 C 8445 |
| DOWNTOWN ENTERTAINMENT, LLC, | |
|     *Defendant-Appellee*. | Sharon J. Coleman, |
| | *Judge*. |

**ORDER**

We have consolidated two interlocutory appeals filed by Eric Onyango in his lawsuit against Downtown Entertainment. We dismiss both appeals for lack of subject-matter jurisdiction.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeals are thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Onyango paid $20 to enter a Chicago nightclub owned by Downtown Entertainment. Inside the club he encountered Maciej Lampe (a Pole who plays professional basketball in Spain). Onyango (who is black) alleges that Lampe shoved him and hurled a racial epithet after asking Onyango to sell him drugs and being turned away. Security personnel then forcibly removed Onyango, but not Lampe. Onyango has sued Downtown Entertainment under 42 U.S.C. § 1981 claiming racial discrimination. His complaint also includes supplemental state-law claims for breach of contract, assault, and negligence. Onyango says that he suffered physical and emotional injuries, and also has lost business opportunities because he no longer can network at Downtown Entertainment's clubs.

Onyango has amended his complaint five times. The current iteration includes a "Count Six" entitled "Plaintiff's Basis for Injunctory Relief." This is not a separate *claim* but rather an assertion that "[r]emedies available at law, such as monetary damages, are inadequate to compensate Plaintiff's injuries." Onyango thus demands in his "Prayer for Relief," not only damages, but also that Downtown Entertainment "be permanently enjoined" from excluding him from "its places of public accommodation without lawful justification," and from "appeasing non-black patrons at the expense of violating contractual and civil rights of black patrons." The district court entered a minute order striking "Count Six" on the ground that Onyango did not "plead facts sufficient for the Court to conclude that there is a substantial likelihood that future violations will occur." Onyango filed a notice of appeal from this minute order, which we have docketed as case No. 12-3752. He then asked the district court for leave to filed another amended complaint adding claims of retaliation and fraud. When the court denied that request, Onyango filed a second notice of appeal, which we have docketed as case No. 13-1083.

An order denying injunctive relief may be appealable even when the litigation in the district court is still ongoing. *See* 28 U.S.C. § 1292(a)(1). But as a ground for taking an interlocutory appeal, the denial of injunctive relief provides only a narrow exception to the general rule barring appeals from nonfinal decisions. *Albert v. Trans Union Corp.*, 346 F.3d 734, 737 (7th Cir. 2003); *Simon Prop. Grp., L.P. v. mySIMON, Inc.*, 282 F.3d 986, 990 (7th Cir. 2002). Only if the district court's decision is definitive, i.e., the plaintiff will have no further chance of obtaining the desired injunction from the district court, does this court have jurisdiction over an interlocutory appeal. *Albert*, 346 F.3d at 739; *Simon Prop. Grp.*, 282 F.3d at 990–91; *Parks v. Pavkovic*, 753 F.2d 1397, 1402–03 (7th Cir. 1985). (It should be noted that Onyango did not file a timely appeal of the denial of his motion for a *preliminary* injunction—No. 12-3752 involves only the minute order addressing "Count Six.")

The language in the minute order entered by the district court does not end Onyango's quest for *permanent* injunctive relief. It simply says that Onyango's complaint lacks sufficient detail for the judge to know whether he has a substantial likelihood of

prevailing on the merits. The minute order should be understood as striking the injunctive "count" as a separate, free-standing claim. But Onyango might still get his injunction: An injunction is a type of remedy, *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 845 (7th Cir. 2009); Dan B. Dobbs, *Law of Remedies* 223 (2d ed. 1993), as distinct from an underlying claim for relief, *see Guardians Ass'n v. Civil Serv. Comm'n*, 463 U.S. 582, 595 (1983); *LaSalle Nat'l Bank v. Metro. Life Ins. Co.*, 18 F.3d 1371, 1376 (7th Cir. 1994); *Black's Law Dictionary* 251 (9th ed. 2009) (defining "cause of action," or "claim," as "a factual situation that entitles one person to obtain a remedy in court"). Onyango should not have characterized his request for injunctive relief as a separate count of his complaint, and the district court's order striking the injunctive "count" thwarts him only from obtaining an injunction without succeeding on his underlying § 1981 or supplemental claims—an impossible feat in any event. Injunctive relief remains available to him later in the litigation, that is, if he prevails on his remaining substantive claims. *See CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011).

We thus lack subject-matter jurisdiction over case No. 12-3752. We also lack jurisdiction over case No. 13-1083, since the district court's order refusing to permit Onyango to amend his complaint for a sixth time is interlocutory and fits no exception to the rule against appeals from nonfinal decisions. *See Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379–80 (7th Cir. 2011); *Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857–58 (7th Cir. 2009).

Accordingly, both appeals are DISMISSED.