# In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2818

ABRAHAM V. SONII and RUFUS JONES,

*Plaintiffs-Appellants*,

v.

GENERAL ELECTRIC COMPANY,

*Defendant-Appellee*.

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 95 C 5370—**Joan B. Gottschall**, *Judge*.

_____

ARGUED JANUARY 23, 2004—DECIDED FEBRUARY 13, 2004

_____


Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS,
*Circuit Judges*.

EASTERBROOK, *Circuit Judge*.    This employment-dis-
crimination case was settled in October 2000, at a time
when it was widely believed that settlement made the
plaintiff a "prevailing party" entitled to attorneys' fees.
Seven months later, *Buckhannon Board & Care Home,
Inc. v. West Virginia Department of Health & Human
Resources*, 532 U.S. 598 (2001), disapproved the view that
a plaintiff "prevails" by being a catalyst for change, and
a footnote adds that achieving a settlement likewise falls
short of prevailing unless the settlement yields a consent

decree or some equivalent form of judicial imprimatur. 532 U.S. at 604 n.7. We held in *T.D. v. LaGrange School District*, 349 F.3d 469, 478-79 (7th Cir. 2003), that a disposition similar to a consent decree—e.g., mandatory language entered as a judgment, or the judge's signature in lieu of the litigants'—may suffice to confer prevailing-party status, but that a private settlement followed by dismissal of the lawsuit does not. The district judge held that the settlement in today's suit is on the private-contract side of this line and denied the plaintiffs' request for legal fees. 2003 U.S. Dist. LEXIS 9701 (N.D. Ill. June 10, 2003).

Plaintiffs immediately appealed, but there are two jurisdictional obstacles. The first is that the district court has yet to enter a final judgment. The settlement contemplated that the complaint would be dismissed with prejudice, but that step has not been accomplished. Although post-judgment decisions on requests for attorneys' fees are appealable independently of the merits, see *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), appellate review of *pre*-judgment decisions about fees is deferred until the litigation is over. See, e.g., *Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

Sometimes a court will proceed as if a promised disposition had been entered, see *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978); *Otis v. Chicago*, 29 F.3d 1159 (7th Cir. 1994) (en banc), but this is not an appropriate occasion for that treatment, because we cannot be sure what the dismissal order would have provided, yet its details could affect the question whether plaintiffs are prevailing parties. The parties agreed that the suit eventually would be dismissed with prejudice. The parties' stipulation says that this would be done only after all questions about attorneys' fees had been resolved, and perhaps this implies that appeal must precede the final disposition, but litigants cannot manipulate appellate jurisdiction in this fashion.

Dismissal must come first, and it is the district judge's responsibility to enter an appropriate order.

The district judge could have implemented the parties' agreement in at least three ways: (1) a one-line order of dismissal; (2) a dismissal reserving jurisdiction to enforce the underlying contract; (3) a dismissal incorporating the settlement contract as a judgment of the court. These would have different consequences under *Buckhannon* and *T.D.*: the first would not make the plaintiffs prevailing parties; the third would do so; and the second would be ambiguous, for neither *Buckhannon* nor *T.D.* definitively resolves the consequences of an order that suffices to preserve federal jurisdiction to enforce the pact, see *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), but still treats it as a private contract rather than a judgment. Which option the district court chooses could depend in part on whether the judge deems it appropriate to enter a form of judgment that vindicates pre-*Buckhannon* expectations—if the parties had any, a question itself best answered by the district judge rather than an appellate court. That the judge denied plaintiffs' request for fees suggests that she had in mind option (1) rather than option (3), but a mental assumption falls short of a final decision. Plaintiffs have briefed the appeal on the assumption that the judge's inaction equates to option (2), but all this shows is that loose ends need to be tied up before anything happens in this court.

The second obstacle to appellate jurisdiction is that additional disputes about attorneys' fees remain pending in the district court. Plaintiffs sought fees on two theories: that they were prevailing parties and hence entitled to reimbursement of all legal expenses, and that General Electric engaged in discovery abuse so that plaintiffs are entitled to recompense under Fed. R. Civ. P. 37, see *Rickels v. South Bend*, 33 F.3d 785 (7th Cir. 1994), for the incremental legal expenses. The district judge rejected the first

contention but agreed with the second and directed the plaintiffs to file a statement of the attorneys' fees incurred as a result of General Electric's misconduct. Instead of doing this, plaintiffs filed a notice of appeal. This means that the fees owing under Rule 37 have not been quantified, and while questions about attorneys' fees remain pending an appeal is premature in this case. See *In re Modern Textile, Inc.*, 900 F.2d 1184 (8th Cir. 1990). Cf. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976) (no appeal is possible when a district court has determined liability but has yet to award damages).

At oral argument plaintiffs' counsel stressed that the district judge had finally rejected one *theory* of fees, but this does not make the decision final. Fees for legal work done in discovery are a subset of plaintiffs' claim for all legal fees, and an appeal must wait until the amount due has been toted up. A plaintiff who seeks to recover 10X, and is told that the award will be only X (which remains to be computed), cannot appeal immediately on the theory that the district judge has "finally" rejected the claim to 9X. Entertaining that appeal now would create a risk of sequential appeals: first we would decide the prevailing-party question, then the district judge would make the Rule 37 award, and then *both* sides might appeal again, contesting either the award (for General Electric may believe that it is in the right) or the amount (plaintiffs may want more, and General Electric may believe that the award is excessive). It is to prevent cumulative appeals of this kind that the final-decision rule requires the litigants to wait until the entire dispute has been resolved.

The appeal is dismissed for want of jurisdiction. The district judge should proceed with dispatch to (1) enter a final judgment dismissing the suit with prejudice in conformity with the settlement; (2) determine whether that judgment makes plaintiffs prevailing parties under the standards of *Buckhannon* and *T.D.*; and (3) make a defini-

tive award of legal fees allowed by Rule 37. Once all three steps have been completed, any adversely affected party will be entitled to appeal. Any further appeals by these litigants on the subject of attorneys' fees will be submitted to this panel under Operating Procedure 6(b).

A true Copy:

      Teste:

                        _____
                        ***Clerk of the United States Court of Appeals for the Seventh Circuit***