**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 5, 2005
Decided October 24, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

| | |
|---|---|
| ABRAHAM V. SONII and RUFUS JONES, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| **No**. 05-2695 **v.** | |
| GENERAL ELECTRIC COMPANY, *Defendant-Appellee*. | No. 95 C 5370 Joan B. Gottschall, *Judge*. |

**Order**

Our opinion dismissing a prior appeal held that the judgment would not be final until the district court resolved all questions about Rule 37 sanctions (which has now been done) and entered a final judgment. The terms of the judgment would control entitlement to attorneys' fees under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). We remarked that

> The district judge could have implemented the parties' [settlement] agreement in at least three ways: (1) a one-line order of dismissal; (2) a dismissal reserving jurisdiction to enforce the underlying contract; (3) a dismissal incorporating the settlement contract as a judgment of the court. These would have different consequences under *Buckhannon* and *T.D.* [*v. LaGrange School District*, 349 F.3d 469 (7th Cir. 2003)]: the first would not make the plaintiffs prevailing parties; the third would do so; and the second would be ambiguous, for neither *Buckhannon* nor *T.D.* definitively resolves the consequences of an order that suffices to preserve federal jurisdiction to enforce the pact, see *Kokkonen v.*

> *Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), but still treats it as a private contract rather than a judgment.

359 F.3d 448, 449-50 (7th Cir. 2004). The district court received briefs from the parties and entertained argument. After considering these submissions, she chose Option No. 1: Straight dismissal. The judge allowed that this would disappoint plaintiff's expectation about attorneys' fees but believed that the form of the settlement agreement required this approach. General Electric had not agreed to submit the settlement to judicial approval, supervision, or enforcement; instead the settlement papers provided that plaintiff would dismiss the complaint outright. The straight dismissal led the district judge to deny plaintiff's request for an award of attorneys' fees other than those under Rule 37.

On appeal, this time from a final decision, plaintiff contends that the district judge failed to follow our mandate. That contention is unpersuasive for two reasons. One is that we did not issue a traditional mandate; instead we dismissed the appeal for lack of appellate jurisdiction. The second reason is that even if our opinion were given the force of a mandate, it made it clear that the district judge had a choice to make. The outcome was not foreordained; otherwise we would have had jurisdiction. The judgment was non-final precisely because discretion had to be exercised.

Now the question is whether the district judge abused her discretion. We think not. On the one hand, as plaintiff observes, straight dismissal disappoints plaintiff's pre-*Buckhannon* expectations about recovering attorneys' fees. But on the other hand the defendant did not agree either to pay attorneys' fees or to submit to continuing supervision by the federal judiciary. Under the circumstances, the district judge thought, the choice had to be between a straight dismissal and an order vacating the settlement and restoring the case to the docket for decision on the merits. Plaintiff did not seek vacatur, which would have required him to repay all benefits received under the settlement. That left dismissal, with the consequence that plaintiff keeps all of the relief that the settlement provides but must pay his own legal costs.

Affirmed.