# In the
# United States Court of Appeals
## For the Seventh Circuit
―――――――

No. 05-2941

CHASE MANHATTAN MORTGAGE CORP.,

*Plaintiff-Appellee,*

*v.*

JAMES E. MOORE,

*Defendant-Appellant.*

―――――――

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 2454—**Amy J. St. Eve**, *Judge.*

―――――――

SUBMITTED MARCH 28, 2006—DECIDED MAY 4, 2006

―――――――

Before POSNER, EASTERBROOK, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Chase Manhattan brought this diversity suit against Moore to foreclose its mortgage on his home, order the home sold, and, if the proceeds of the sale were insufficient to satisfy Chase's debt, enter a deficiency judgment for the unpaid balance. Chase moved for summary judgment, which the district judge denied. But on Chase's motion to reconsider, the judge, upon discovering that the documents Moore had submitted in opposition to the motion to show that he'd paid off the mortgage were fake, granted summary judgment for Chase, and entered judgment. Moore appeals.

Chase argues that we do not have jurisdiction of the appeal because the judge did not enter a *final* judgment. 28 U.S.C. § 1291. But she did: the judgment order states that judgment is awarded to Chase Manhattan. It is true that the order describes the judgment as merely the grant of "summary judgment on Chase's foreclosure claim." And it is also true that such a judgment does not grant the plaintiff any relief. The judgment does not order Moore to do anything or to pay anything.

But that does not negate finality. The test is not the adequacy of the judgment but whether the district court has finished with the case. If it has, ending the lawsuit, the judgment can be appealed, for otherwise a plaintiff who had received a favorable ruling but no relief would have to ask the court of appeals to mandamus the district judge. And so in *Munson Transportation, Inc. v. Hajjar*, 148 F.3d 711, 714 (7th Cir. 1998), we concluded that the district court's order was final, despite not addressing all the claims before the court, because it contained language "calculated to conclude all the claims before the district court" and indeed said "this case is terminated." Similarly, *Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir. 1998), explains that a judgment is final when it is "couched in language calculated to conclude all claims before [the district court]." The statement in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978), quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945), that a final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," is, when wrenched from its context (always a perilous thing to do), overbroad. *Coopers & Lybrand* involved an explicitly interlocutory order, namely a class certification order; and in *Catlin* the district court had been explicit that the case was *not* over in that court.

The only oddity here is that Chase, which got nothing, is not appealing, whereas Moore, who was not ordered to do or pay anything and thus remains in possession of his house despite his having defaulted on the mortgage, is appealing. In arguing that the judgment of the district court is not final, Chase must be expecting to go back to the district judge and ask her for an order foreclosing its mortgage, selling the mortgaged property, and, if necessary, entering a deficiency judgment. Mistakenly supposing that there was no final judgment and therefore that the case *must* still be alive in the district court, Chase missed the rather elementary point that there is no longer any lawsuit pending in that court. If we affirm, Chase will either have to file a new lawsuit, again demanding foreclosure, but risking encountering the bar of res judicata, or move under Rule 60(b)(1) of the Federal Rules of Civil Procedure to set aside the original judgment. What Chase should have done was, after reading the judgment order, to ask the district judge to amend it to add an order of foreclosure.

The judgment is radically defective. It's as if the judge had said midway through the case "I am tired of this case so I'm entering a judgment terminating it." It would be a final order but not a proper disposition. But can we do anything about it? Chase Manhattan has not appealed, so we cannot alter the district court's judgment in its favor. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999); *Mother & Father v. Cassidy*, 338 F.3d 704, 713 (7th Cir. 2003); *Adkins v. Mid-American Growers, Inc.*, 167 F.3d 355, 360 (7th Cir. 1999). Moore is the appellant; but if he was not harmed by the judgment, he lacks standing to appeal.

*If* he was not harmed: in *LaBuhn v. Bulkmatic Transport Co.*, 865 F.2d 119, 122 (7th Cir. 1988), we noted, citing *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345 (9th Cir. 1984),

that there is authority that a winning party can appeal in order to challenge an adverse finding by the trial court that might form the basis for a plea of collateral estoppel in a subsequent suit. But against that we pointed out that a finding which a party had no incentive, other than fear of collateral estoppel, to appeal, because he had won, *has* no collateral estoppel effect; so his fear is baseless. *Field v. Mans*, 157 F.3d 35, 41 (1st Cir. 1998); *Concerned Citizens of Cohocton Valley, Inc. v. N.Y. State Dept. of Environmental Conservation*, 127 F.3d 201, 205-06 (2d Cir. 1997); *Bath Iron Works Corp. v. Coulombe*, 888 F.2d 179 (1st Cir. 1989) (per curiam); *Balcom v. Lynn Ladder & Scaffolding Co.*, 806 F.2d 1127 (1st Cir. 1986) (per curiam); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986); *Restatement of Judgments (Second)* § 27, comment h (1982); see generally 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3902, at pp. 401-06 (1976).

That seems right in general, but this case is unusual. For it is not as if Moore had *really* won in the district court. The only ruling the court made went against him—the ruling that he really did owe Chase Manhattan the money that Chase was trying to collect by foreclosing the mortgage on his home. The ruling fixed Moore's liability, and so should Chase institute a further action in the district court (and it not be blocked by res judicata), it is hardly to be expected that the district judge would allow Moore to reopen the issue of his liability to Chase. Even if res judicata blocks a new suit to foreclose the mortgage, moreover, interest is continuing to accrue on the note secured by the mortgage, and Moore remains liable to Chase not only for that interest but also on the note itself. So even if the note is no longer secured by the mortgage (even if, that is, a further attempt to foreclose the mortgage would itself be foreclosed by res judicata), Chase could use the

district judge's liability determination to attempt future collection of the debt owed it, including collection by means of a suit to garnish other property owned by Moore.

The situation is like that in *In re Brown*, 951 F.2d 564, 570 (3d Cir. 1991), which held that the finding that the defendant in a foreclosure action was liable had collateral estoppel effect in other proceedings even though the finding had not yet led to a final order of foreclosure. "The Browns were represented by counsel (in this case two separate firms) in the state court, and hearings were held on several occasions. The issues were genuinely contested, and the court gave no indication that the summary judgment was tentative or likely to be changed. When the state judge reaffirmed the summary judgment on liability, his opinion reflected an appreciation of the relevant facts and familiarity with the applicable law. The summary judgment is sufficiently final so that it should be given preclusive effect as to the matters considered and decided in that phase of the controversy between the Browns and the bank." Citing *Brown*, the Third Circuit later noted that "our decisions hold that decisions not final for purposes of appealability may nevertheless be sufficiently final to have issue preclusive effect." *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 360 (3d Cir. 1999). That is the general rule, not anything special to the Third Circuit. See, e.g., *Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 443-44 (2d Cir. 2005).

If it were certain that Chase could get no relief against Moore, either by filing a new suit or by filing a Rule 60(b)(1) motion, then Moore was the practical winner in the district court, see *Warner/Elektra/Atlantic Corp. v. County of DuPage,* 991 F.2d 1280, 1282-83 (7th Cir. 1993), and so cannot appeal. But as it is virtually certain that the district judge was simply mistaken in terminating the case when and how she

did, Chase's prospects in further proceedings in the district court must be reckoned highly promising, in which event Moore does have something to gain from getting the present judgment reversed. (Among other possibilities, the district judge might perhaps construe her judgment as having been a declaratory judgment, allowing Chase to seek further relief if Moore did not cave.)

So this case really is governed by *Brown*, which means that Moore *has* been hurt by the judgment that he seeks to appeal, and therefore that he has standing to appeal. Although his appeal thus is properly before us, it has no possible merit. Yet for us to affirm the district court's premature judgment closing the case is to leave the dispute between the parties in limbo. The Supreme Court, however, while leaving open the question whether the rule that a judgment cannot be altered in favor of a party who has not appealed is jurisdictional, has described it in emphatic terms as a settled rule and implied that there are no exceptions. *El Paso Natural Gas Co. v. Neztsosie, supra*, 526 U.S. at 480. That leaves us—because Chase did not cross-appeal—with no choice but to affirm the judgment.

AFFIRMED.

A true Copy:
 Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*