NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 30, 2007
Decided December 17, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3139

| | |
|---|---|
| JOSEPH KAYE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 05 C 982 |
| CITY OF MILWAUKEE, et al., *Defendants-Appellees*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Real-estate developer Joseph Kaye sued various defendants working for (and including) the City of Milwaukee under the Racketeer Influenced and Corrupt Organizations Act, or RICO, 18 U.S.C. § 1962(c). He contends in his complaint that city officials have rigged real property decisions to ensure that choice parcels of city land are sold to favored insiders. The district court dismissed Kaye's complaint and sanctioned him by ordering him to pay the defendants' attorney's fees. Kaye appeals both decisions, but we cannot address his arguments because, as was the case in *Sonii v. General Electric Co.*, 359 F.3d 448 (7th Cir. 2004), the district court's decision dismissing the complaint was not final and appealable, and neither was its decision regarding attorney's fees. *See* 28 U.S.C. § 1291.

The defendants, no doubt wanting to be done with this case, argue that the dismissal was a final order, although they concede that the district court failed to enter a proper judgment that disposes of the entire suit under Federal Rule of Civil Procedure 58. The judgment simply states that "the motions to dismiss . . . are hereby granted," and provides the same for the defendants' motion for attorney's fees. Nevertheless, the polestar of finality is not whether the judgment document is technically flawless—there needn't even *be* a separate judgment, *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386–88 (1978) (per curiam)—but whether the district court has finished with the case. *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726 (7th Cir. 2006). Here, we cannot be sure about that.

The defendants contend that since the district court sanctioned Kaye, we can assume that it was washing its hands of a frivolous lawsuit and moving on to other things. But they cite no authority holding that granting a motion for attorney's fees necessarily renders final a decision of dubious finality, and they overlook the fact that a district court could sanction an attorney under Federal Rule of Civil Procedure 11(b) for filing a sloppy first complaint—for instance, a placeholder complaint—even if it expected that the suit could be saved by amendment. That may be what happened here, as indicated by the fact that the defendants asked the district court to dismiss with prejudice, but the district court did not explicitly do that (it did not say whether the dismissal was with or without prejudice).

Another reason we cannot be sure the district court was through with the case is that it did not say that an amended complaint would be futile. Rule 15(a) allows plaintiffs to amend once as a matter of course before they are served with a "responsive pleading." The defendants did not file an answer to the complaint, which is considered a responsive pleading for purposes of Rule 15; instead they filed a motion to dismiss, which is not. *See Crestview Village Apartments v. U.S. Dep't of Housing and Urban Dev.*, 383 F.3d 552, 557–58 (7th Cir. 2004). The right to amendment as of course also ends after entry of a final judgment, *id.*, but here that just begs the question whether the judgment was indeed final.

This is not necessarily a case where amendment would plainly be futile, as in *American National Bank & Trust Co. v. Equitable Life Assurance Society*, 406 F.3d 867, 874–75 (7th Cir. 2005), where a lack of complete diversity between the parties could not be overcome. For instance, the district court found that one of the predicate acts of racketeering under RICO—an alleged act of wire fraud—was not pled with particularity as Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be. This is precisely the type of technical problem that an amended complaint can fix. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 791 (7th Cir. 2004). Another problem was Kaye's inconsistent pleading of RICO's "enterprise" requirement—at parts of his complaint Kaye sufficiently pleads an

enterprise, but these parts are inconsistent with other parts of the complaint. As Kaye's amicus counsel notes, this too could be solved in an amended complaint by clarifying the precise makeup of the enterprise. By far the weakest link is Kaye's ability to allege that the racketeering activity is continuing, *see H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237 (1989), since the allegations in his complaint all go to accomplishing and facilitating a single illicit property swap. *See Roger Whitmore's Auto Servs., Inc. v. Lake County*, 424 F.3d 659, 673–74 (7th Cir. 2005). But the complaint does make noise about other ongoing malfeasance, albeit vaguely, so the district court may have thought that Kaye could state a claim for relief if given a second chance.

As we noted at the outset, the other nonfinal matter is the district court's award of a yet-to-be-determined amount of attorney's fees to the defendants. Kaye seeks to appeal this ruling in addition to appealing the dismissal of his complaint. But the award is not final and appealable until the amount of fees is quantified. *Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 621 (7th Cir. 1997); *Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 677 (D.C. Cir. 1996) (collecting cases). The parties invite us to exercise "pendent appellate jurisdiction" over this claim, but in order to do so we would have to have at least one final and appealable order before us, *see McKinney v. Duplain*, 463 F.3d 679, 692 (7th Cir. 2006), and as noted, the dismissal here was not final. Even if it was, pendent appellate jurisdiction is a discretionary doctrine, and we would be reluctant to exercise it in this case. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 48–51 (1995). Both the plaintiff and amicus counsel devote most of their briefs to challenging the "pendent" attorney's fees order, with very little argument directed toward the "appealable" dismissal of the complaint itself. Exercising jurisdiction over the nonfinal attorney's fees order in these circumstances would be letting a very big tail wag a very skinny dog. *See Gilda Marx*, 85 F.3d at 679 (noting that pendent appellate jurisdiction should not be exercised in a way to allow a non-appealable issue to dwarf an appealable one).

Since neither order that Kaye challenges is final, we are without jurisdiction to proceed any further. We therefore DISMISS this appeal. On remand, the district court should indicate whether it had intended to dispose of the entire case or let Kaye file an amended complaint, and proceed accordingly. It should also set the amount of attorney's fees. Any party aggrieved afterwards can file a fresh appeal. The defendants have moved to sanction Kaye for filing this appeal, but we do not believe the issues raised here are so insubstantial as to warrant that, especially given the possibility of amendment; the motion is DENIED.