**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 21, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2681

| | |
|---|---|
| KIMBERLY SCHOB, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 02 C 2305 |
| NANCY REILLY, et al., | |
|     *Defendants-Appellees.* | James B. Moran, |
| | *Judge.* |

**O R D E R**

Donald Parrillo and Nancy Reilly were divorced in 1970. In the nearly forty years since then, they and their children—Kimberly Schob, Parrillo's daughter, is the appellant in this case—have woven an increasingly complicated web of litigation through numerous lawsuits in various federal courts and in the courts of three different states. We untangled a

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

section of that web in an earlier appeal, *Parrillo v. Reilly*, 59 Fed. App'x 129 (7th Cir. 2002), but new parts have been added since then. Thankfully, we need not untangle the web much further because, as we will explain, Schob was not harmed by the ruling she wishes to challenge and, therefore, she does not have standing to appeal.

In one of the six district court cases that we considered in our earlier order, Parrillo and Schob sued in the Northern District of Illinois seeking to attack a decision of the United States Bankruptcy Court for the Northern District of Indiana. Judge Moran dismissed that suit, and we affirmed because "concerns about how the bankruptcy case was handled should have been addressed through a bankruptcy appeal, not by a new civil suit." *Parrillo*, 59 Fed. App'x at 133; *see also* 28 U.S.C. § 158(a). Judge Moran thought dismissal insufficient, though, because Parrillo and Schob intended to bring identical and equally frivolous suits in different courts. Thus, Judge Moran enjoined Parrillo and Schob from "initiating any action anywhere relating to the assets included in the Indiana bankruptcy estate or to the enforcement of Reilly's judgments against [Parrillo], without first having obtained leave of this court."

Nearly six years later, Schob returned to Judge Moran and sought leave to proceed in bankruptcy court to vacate the earlier judgment. Parrillo was not involved because after the 2002 appeal, we entered an order directing that all federal courts in this circuit return unfiled any papers he submits directly or indirectly unless and until he pays a $5,000 fine we imposed against him for filing frivolous appeals. We had entered a similar order against Schob for failing to pay a $4,000 fine, but we later vacated it when she paid the fine. Schob told the district court that she had obtained a judgment from an Illinois state court that she believed showed that the initial bankruptcy judgment was invalid. Believing that Judge Moran's injunction barred her from returning to the bankruptcy court to have the judgment vacated, Schob sought leave to do so. (She also sought leave to proceed in an Illinois state proceeding, but she has not appealed the district court's ruling on that request.) Judge Moran explained that returning to the bankruptcy court to move that an earlier judgment be vacated was not the "initiating" that was barred by the injunction, and he dismissed Schob's request as moot.

Schob's next step should have been to return to bankruptcy court, as Judge Moran told her she could without running afoul of his injunction, but instead she appealed. Schob's appeal is, however, premised on a colossal misunderstanding of the district court's order. According to her brief, "the district court erred when it denied SCHOB leave to proceed back to the Indiana Bankruptcy Court . . . on the grounds that the issue was moot." Not so. Far from denying Schob leave to return to bankruptcy court, the district court held that Schob could return to the bankruptcy court *without any leave*. And far from ruling that the issue Schob wishes to argue before the bankruptcy court is moot, the only thing the

district court held to be moot was Schob's motion seeking the district court's permission to take that argument to the bankruptcy court. The district court's ruling, when it is properly understood, did not harm Schob in any way. She sought leave from Judge Moran to go to bankruptcy court and Judge Moran told her the request was unnecessary because she was free to go to bankruptcy court without leave. That ruling has no adverse effect on Schob that we could possibly redress. Thus, she lacks standing to appeal, *see Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 727 (7th Cir. 2006), and the appeal is

DISMISSED.