FILED

06/08/2023

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
September 7, 2022 Session Heard at Knoxville

**STATE OF TENNESSEE v. JOSEPH GEVEDON**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Giles County**
**No. CR-14841, CR-14842 Stella L. Hargrove, Judge**

———————————————————

**No. M2020-00359-SC-R11-CD**

———————————————————

SARAH K. CAMPBELL, J., concurring in part and concurring in the judgment.

I concur in the Court's judgment reversing the Court of Criminal Appeals, and I agree with much of the majority opinion's analysis, including its determination that the trial court abused its discretion by failing to consider Joseph Gevedon's ability to pay when setting the amount of restitution.[1] I also agree with the majority's conclusion that the restitution order here was final and appealable, but I reach that conclusion by way of a slightly different analysis. I write separately to explain how my reasoning differs from that of the majority. While the majority asks whether the trial court's judgment satisfied the statutory requirements for restitution orders, I would focus instead on whether the record shows that the trial court thought it was finished with the case. In my view, the restitution order here was final because nothing in the record or on the face of the order suggests that the trial court had any intention of setting the time for payment, not because the trial court did everything it was supposed to do.

The Court of Criminal Appeals has jurisdiction to review the "final judgments of trial courts" in criminal cases and "other cases or proceedings instituted with reference to or arising out of a criminal case." Tenn. Code Ann. § 16-5-108(a)(1)–(2) (2021). We have explained that a decision "is final when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (emphasis and internal quotation marks omitted); *see also id.* (determining that an order was final because it "conclusively determined all issues before the [trial court] on their merits and left nothing for further judgment of that court"). Conversely, "[a]n order that fails to adjudicate all of the parties'

---

[1] The majority goes a step further and also concludes that the amount of restitution the trial court imposed was "distinctly unreasonable." I would not reach that issue because it is not necessary to resolve this appeal.

claims is unenforceable and not subject to appeal." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. App. P. 3(a)).

In some cases, application of this finality standard is straightforward. A decision in a run-of-the-mill criminal case, for example, is "final" when there has been both an adjudication of guilt and imposition of a sentence. *See* 24 C.J.S. *Criminal Procedure and Rights of the Accused* § 2532, Westlaw (database updated Apr. 2023) ("It is generally necessary that a sentence be rendered and entered, or pronounced, before an appeal will lie."). But for other decisions, like the restitution order here, finality can be less clear. Here, the trial court did not fail to impose a sentence altogether. It imposed two suspended sentences for Gevedon's convictions, held a restitution hearing, and set the amount of restitution. But it failed to set the time for payment of the restitution.

Is setting the time for payment part of the "whole merits" of the case such that a failure to complete that task renders the judgment non-final? We have not previously considered that question or a similar one. But other courts that employ analogous finality standards have, and they generally treat a trial court's judgment as final as long as the record demonstrates that the trial court thought it was finished with the case, even if the judgment was technically flawed in some respect.[2]

In *United States v. F. & M. Schaefer Brewing Co.*, for example, the U.S. Supreme Court considered whether a decision granting summary judgment to a plaintiff on an action for money damages was final and appealable even though it failed to expressly determine the full amount awarded. *See* 356 U.S. 227, 228, 233–34 (1958).[3] The Court held that the decision was not final, reasoning that a decision awarding damages is final only if it "embodies the essential elements of a judgment for money *and* clearly evidences the

---

[2] The majority contends that I am ignoring the party-presentation principle by proposing to resolve the finality issue in this case in a manner not argued by the parties. But the party-presentation principle limits only the *issues* a court may consider. *See State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022). Once "an issue . . . is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *see also Bristol*, 654 S.W.3d at 925 (explaining that "we are not precluded from supplementing the contentions of counsel through our own deliberation and research" (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983))). Here, the issue of finality unquestionably was preserved and presented. In any event, finality is a question of subject-matter jurisdiction, which an appellate court "*must* consider . . . regardless of whether that issue was presented by the parties or addressed below." *Bristol*, 654 S.W.3d at 926; *see also Recipient of Final Expunction Ord. in McNairy Cnty. Cir. Ct. Case No. 3279 v. Rausch*, 645 S.W.3d 160, 167 (Tenn. 2022).

[3] Several years before the U.S. Supreme Court decided *F. & M. Schaefer*, it had explained that "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citing *St. Louis, I.M. & S. Ry. Co. v. S. Express Co.*, 108 U.S. 24, 28 (1883)). This remains the governing finality standard for federal courts. *See, e.g.*, *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

judge's intention that it shall be his final act in the case." *Id.* at 232 (emphasis added). But in reaching this conclusion, the Court made clear that the absence of a precise damages amount was not dispositive; it was instead "strong evidence" that the judge did not in fact intend the decision to be his "final act in the case." *Id.* at 233.

Federal appellate courts follow a similar approach. Take the U.S. Court of Appeals for the Seventh Circuit. In *Chase Manhattan Mortgage Corp. v. Moore*, that court considered whether a trial court's order granting summary judgment to a plaintiff was final and appealable even though it failed to "grant the plaintiff any relief" and did not "order [the defendant] to do anything or to pay anything." 446 F.3d 725, 726 (7th Cir. 2006) (Posner, J.). The court concluded that it was, explaining that "[t]he test is not the adequacy of the judgment but whether the district court has finished with the case." *Id.* at 726; *see also Kaye v. City of Milwaukee*, 258 F. App'x 17, 18 (7th Cir. 2007) (Easterbrook, J.) ("[T]he polestar of finality is not whether the judgment document is technically flawless . . . but whether the district court has finished with the case."). The court acknowledged the Supreme Court's statement in *Coopers & Lybrand* that "a final judgment is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,'" but observed that this statement, "when wrenched from its context," is "overbroad." *Chase Manhattan*, 446 F.3d at 726 (quoting *Coopers & Lybrand*, 437 U.S. at 467). The order at issue in *Coopers & Lybrand* was "explicitly interlocutory." *Id.* The order in *Chase Manhattan*, by contrast, purported to be final but was "radically defective," "as if the judge had said midway through the case 'I am tired of this case so I'm entering a judgment terminating it.'" *Id.* at 727. The Seventh Circuit thus concluded that it was "a final order but not a proper disposition." *Id.*

While Tennessee's appellate courts have been less explicit than their federal counterparts, they, too, have declined to equate finality to technical perfection. Tennessee appellate courts, for example, regularly remand cases to trial courts when they fail to make the findings of fact and conclusions of law mandated by the Tennessee Rules of Civil Procedure. Rule 52.01 requires that trial courts "find the facts specially" and "state separately [their] conclusions of law" when entering written orders. Tenn. R. Civ. P. 52.01. But when parties appeal from orders that fail to include these required components, Tennessee appellate courts do not treat those orders as non-final. Instead, they vacate the orders and remand the cases, instructing the trial courts to make the necessary findings and conclusions. *See Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013) (observing that "[o]ne remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions"); *Artry v. Artry*, No. W2020-00224-COA-R3-CV, 2022 WL 4372775, at *4 (Tenn. Ct. App. Sept. 22, 2022) (noting that "[g]enerally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law" (internal quotation marks omitted)); *see also, e.g.*, *Matlock v. Matlock*, No. E2022-00041-COA-R3-CV, 2022 WL

16703284, at *4 (Tenn. Ct. App. Nov. 4, 2022) (remanding a case with instructions to the trial court to issue an order with findings of fact and conclusions of law as required by Rule 52.01).

Here, the majority correctly asks whether the restitution order at issue "decide[d] and dispose[d] of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson*, 913 S.W.2d at 460 (emphasis omitted). The majority correctly concludes that it did, but it reaches that conclusion by focusing on the order's compliance with the requirements of Tennessee Code Annotated section 40-35-304. The majority acknowledges that section -304 ordinarily requires trial courts to specify a time for the payment of restitution, and that the trial court failed to do so here. But it reasons that courts ordering restitution in the sentencing context—as opposed to ordering restitution as a condition of probation—need not specify a time of payment. These courts, the majority says, may instead rely on a default rule found in subsection (g) of that same statute that automatically sets the end of the sentence as the time for payment.

I agree with the majority that the question presented here should be resolved by determining whether the trial court's order decided and disposed of the whole merits of the case. I disagree, though, that a trial court's order meets that standard only when it perfectly satisfies all applicable statutory requirements. The key question instead should be whether the trial court's order shows that it has "finished with the case." *Chase Manhattan*, 446 F.3d at 726 (observing that "[t]he test is not the adequacy of the judgment but whether the district court has finished with the case"); *see also F. & M. Schaefer*, 356 U.S. at 232 (considering as part of the finality analysis whether the order on appeal "clearly evidences the judge's intention that it shall be his final act in the case"); *Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. 2009) (reasoning that "[i]f the judge had overlooked [a particular] dispute . . . , then the decision would be final—for the district court would have completed everything it set out to accomplish—and we would remand so that the job could be finished").

Here, as Judge Williams explained in his dissent, nothing in the record or on the face of the restitution order suggests that the trial court intended to determine the time of payment at a later date or otherwise do anything else in the case. *See State v. Gevedon*, No. M2020-00359-CCA-R3-CD, 2021 WL 5561056, at *5 (Tenn. Crim. App. Nov. 29, 2021) (Williams, J., dissenting) (concluding that the judgment was final because "nothing in the record suggest[ed] that the trial court anticipated further action beyond the restitution order"), *perm. app. granted*, (Tenn. Mar. 24, 2022). The trial court held a restitution hearing, set the restitution amount at $30,490.76, and observed that this amount would "become a civil judgment . . . [m]ost likely, and totally." *Id.* at *1–2 (majority opinion). If anything, the trial court's comments about the restitution amount likely becoming a civil judgment confirm that the court expected the restitution order to mark the end of its involvement. This, in my view, is enough for finality.

A focus on whether the trial court appears to be "finished with the case," *Chase Manhattan*, 446 F.3d at 726, rather than on the technical perfection of its order offers at least one practical advantage. Concluding that "a judgment is final for purposes of appeal when the [trial] judge is through with the case whether or not he should be" prevents the case from being "left in limbo—no longer in the [trial] court, but barred from our court by the final-decision rule." *Wachovia Bank, N.A. v. Foster Bancshares, Inc.*, 457 F.3d 619, 621 (7th Cir. 2006). An approach that tethers finality to technical perfection, on the other hand, will allow cases to linger in no-man's land for months or even years, until the trial court discovers that it left something undone or an appellate court dismisses the appeal for lack of finality and forces the parties to return to the trial court to seek correction of the order. By treating these orders as final, an appellate court can either remand to the trial court to correct the technical deficiency if it is one that precludes meaningful appellate review, or proceed to the merits if it is one that does not. Either way, the case will be one step closer to resolution, which is far better than being left in limbo.

_____
SARAH K. CAMPBELL, JUSTICE