FILED
06/08/2023
Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
September 7, 2022 Session Heard at Knoxville

## STATE OF TENNESSEE v. JOSEPH GEVEDON

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Giles County**
**Nos. CR-14841, CR-14842    Stella L. Hargrove, Judge**

_____

### No. M2020-00359-SC-R11-CD

_____

A trial court ordered a defendant to pay a set amount of criminal restitution but did not state payment terms or consider the defendant's ability to pay. The Court of Criminal Appeals dismissed the appeal, ruling the restitution order was not a final order because it did not include payment terms. We hold the restitution order was a final order even though it did not include payment terms. *See State v. Cavin*, No. E2020-01333-SC-R11-CD, ___ S.W.3d ____, 2023 WL _____ (Tenn. _____, 2023). The date for payment of the restitution was, by default, the expiration of the defendant's sentence based on Tennessee Code Annotated section 40-35-304(g). The trial court erred by failing to consider the defendant's financial resources and ability to pay when setting the amount of restitution as required by Tennessee Code Annotated section 40-35-304(d). We reverse the judgment of the Court of Criminal Appeals, vacate the trial court's restitution order, and remand to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Trial Court Order Vacated; Remanded to the Trial Court**

SHARON G. LEE, J., delivered the opinion of the Court, in which ROGER A. PAGE, C.J., and JEFFREY S. BIVINS and HOLLY KIRBY, JJ., joined. SARAH K. CAMPBELL, J., filed a separate opinion concurring in part and concurring in the judgment.

Brandon E. White, Columbia, Tennessee; Claudia Jack, District Public Defender; and Hershell Koger, Assistant District Public Defender, for the appellant, Joseph Gevedon.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Cody N. Brandon, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Rebecca S. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.

On November 10, 2018, Joseph Gevedon drove through a cemetery in Giles County, damaging multiple gravestones. Mr. Gevedon pleaded guilty to driving under the influence (DUI) and leaving the scene of an accident in the Circuit Court for Giles County. The trial court imposed two concurrent sentences of eleven months and twenty-nine days for the DUI and leaving the scene of the accident convictions, suspended after service of forty-eight hours in jail.[1] Both the plea agreement and the judgment provided for a subsequent restitution hearing.

About a month later, Mr. Gevedon was arrested for driving on a revoked license. Violation of probation warrants were issued based on his driving offense and a failed drug test. The trial court held a combined restitution and probation violation hearing. The State introduced evidence that Mr. Gevedon caused $30,490.76 in damages to the gravestones and proof of his subsequent probation violations. Mr. Gevedon testified his net income was about $350 a week and his expenses were around $800 a month.

The trial court revoked Mr. Gevedon's probation and ordered him to serve the rest of his sentence in confinement. The trial court also stated that "[t]he restitution will be $30,490.76," which "[would] become a civil judgment. . . . Most likely, and totally." The trial court explained its decision: "Considering Mr. Gevedon's demeanor, his attitude toward victims and toward this Court, the Court is going to order a full revocation. That will not get restitution paid, but . . . I am more interested in punishment." The revocation order stated that "[r]estitution shall be ordered in the amount of $30,490.76."[2]

Mr. Gevedon appealed, arguing that the trial court erred by fully revoking his probation, by setting restitution when his probation was revoked, by failing to consider his ability to pay restitution, and by summarily converting the restitution order to a civil

---

[1] Mr. Gevedon also received two suspended sentences of eleven months and twenty-nine days in another case, with each served consecutively as to the other and to the sentences imposed in this case. Thus, in total, the trial court imposed three suspended sentences of eleven months and twenty-nine days.

[2] The trial court did not enter a written restitution order or incorporate the restitution order into an amended judgment. Instead, the restitution amount was included in the "special conditions" box on the trial court's revocation order. For ease of reference, we refer to that part of the revocation order as the "restitution order" in this opinion.

judgment without following the appropriate statutory process.[3] The State responded that the trial court properly revoked Mr. Gevedon's probation and had the authority to order him to pay restitution during his confinement. The State agreed that the trial court failed to consider his ability to pay and did not follow the procedure for turning a restitution deficiency into a civil judgment. The Court of Criminal Appeals dismissed the appeal for lack of jurisdiction, holding that the trial court's revocation order was not a final order under Tennessee Rule of Appellate Procedure 3 because it did not contain payment terms or schedule. *State v. Gevedon*, No. M2020-00359-CCA-R3-CD, 2021 WL 5561056, at *3 (Tenn. Crim. App. Nov. 29, 2021), *perm. app. granted* (Tenn. Mar. 24, 2022).

In this appeal, we review the finality of the trial court's restitution order and whether the trial court erred in ordering restitution.

## II.

Statutory construction is a question of law which we review de novo with no presumption of correctness. *State v. Welch*, 595 S.W.3d 615, 621 (Tenn. 2020) (citing *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015)). Our goal is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Howard*, 504 S.W.3d 260, 269 (Tenn. 2016) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). If a statute is clear and unambiguous on its face, "we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language." *State v. Tolle*, 591 S.W.3d 539, 543 (Tenn. 2019) (quoting *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). We presume that the Legislature did not intend to enact a useless or absurd statute and that each word in a statute has a specific purpose and meaning. *Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015) (citing *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 44 (Tenn. 2013)); *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010) (citing *State v. Jackson*, 60 S.W.3d 738, 742 (Tenn. 2001); *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997)).

*Final Order Under Rule 3*

Under certain circumstances, a criminal defendant may appeal a final judgment as of right. Tenn. R. App. P. 3(b). "[A] judgment is final 'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.'" *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting *Saunders v. Metro.*

---

[3] *See* Tenn. Code Ann. § 40-35-304(h) (2019 & Supp. 2022) (describing the procedure for converting an unpaid restitution order into a civil judgment).

*Gov't of Nashville & Davidson Cnty.*, 383 S.W.2d 28, 31 (Tenn. 1964)); *see also Ball v. McDowell*, 288 S.W.3d 833, 836–37 (Tenn. 2009) ("A final judgment therefore is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003))); *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009); *Gunn v. Jefferson Cnty. Econ. Dev. Oversight Comm., Inc.*, 578 S.W.3d 462, 464–65 (Tenn. Ct. App. 2019); *cf. Wells Fargo Bank, N.A. v. Dorris*, 556 S.W.3d 745, 753 (Tenn. Ct. App. 2017) ("[T]he case is not final but merely interlocutory pending resolution of all outstanding issues." (citing *Richardson*, 913 S.W.2d at 460)).

Mr. Cavin and the State agree that the restitution order is final. Neither party argues that we should abandon our well-established law on finality of orders. Neither party argues for the application of a federal finality standard that would require us to determine whether the trial court thought it was finished with the case, as proposed by the concurring opinion.[4] *See State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022) ("In our adversarial system, the judicial role is not 'to research or construct a litigant's case or arguments for him or her,' but rather to serve as 'arbiters of legal questions presented and argued by the parties before them[.]' . . . Limiting review to the issues presented by the parties promotes fairness by ensuring that litigants have a meaningful opportunity to participate in the adjudicative process." (internal citations omitted) (first quoting *Sneed v. Bd. of Pro. Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010); then quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983))).

Tennessee Code Annotated section 40-35-304 states in plain, unambiguous terms what trial courts have to do when ordering restitution as a condition of probation:

> *The court shall specify* at the time of the sentencing hearing *the amount and time of payment or other restitution to the victim* and *may permit payment or performance in installments*. The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense.

Tenn. Code Ann. § 40-35-304(c) (2019 & Supp. 2022) (emphases added).

As explained in *State v. Cavin,* No. E2020-01333-SC-R11-CD, ___ S.W.3d ____, 2023 WL _____ (Tenn. _____, 2023), the plain language of Tennessee's restitution statute, Tennessee Code Annotated section 40-35-304(c), gives trial courts discretion to set

---

[4] *See, e.g., United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232–33 (1958); *Kaye v. City of Milwaukee*, 258 F. App'x 17, 18 (7th Cir. 2007); *Wachovia Bank, N.A. v. Foster Bancshares, Inc.*, 457 F.3d 619, 621 (7th Cir. 2006); *Chase Manhattan Mortg. Corp. v. Moore*, 446 F.3d 725, 726–27 (7th Cir. 2006).

payment terms in restitution orders. Nothing in the statute requires inclusion of payment terms or a payment schedule.

The trial court ordered Mr. Gevedon to pay $30,490.76 in restitution. During the subsequent restitution hearing, the trial court stated the amount of the restitution owed and that the restitution order would "[m]ost likely, and totally" become a civil judgment. The probation revocation order states that, "following [a] hearing on the merits, [r]estitution shall be ordered in the amount of $30,490.76." Mr. Gevedon argues that the trial court met its obligation to set the time of payment because, with no date set, the default payment date was the end of his sentence. We agree.

Subsection 40-35-304(c) requires trial courts ordering restitution as a condition of probation to specify an amount and a time for payment. But when a trial court orders restitution as a part of a defendant's sentence, as it did here, subsection 40-35-304(g) applies.[5] Under subsection (g), the time of payment for restitution ordered as part of the sentence is deemed to be "until the expiration of the sentence imposed by the court." Tenn. Code Ann. § -304(g)(2) (2018) (providing further that "any payment or performance schedule established by the court shall not extend beyond the expiration date"). Thus, under the plain language of section -304(g)(2), the time by which restitution must be paid is the end of the defendant's sentence.

In dismissing Mr. Gevedon's appeal, the intermediate appellate court relied heavily on its decisions in *State v. Northern*, No. E2009-01969-CCA-R3-CD, 2010 WL 2852288 (Tenn. Crim. App. July 21, 2010), and *State v. Comer*, 278 S.W.3d 758 (Tenn. Crim. App. 2008). *Gevedon*, 2021 WL 5561056, at *3. In *Northern*, the Court of Criminal Appeals held that a trial court's restitution order, imposed as part of the defendant's sentence, was nonfinal because the trial court delegated its authority to set a payment schedule to the defendant's probation officer. 2010 WL 2852288, at *1. Similarly, much like Mr. Gevedon's case, *Comer* dealt with the appeal of a restitution order imposed as part of a sentence pursuant to the defendant's plea agreement. 278 S.W.3d at 759. The *Comer* court deemed the restitution order to be nonfinal because the trial court deferred setting a payment schedule until the "completion of [the] Appeal Process." *Id.* at 760–61.

But neither *Northern* nor *Comer* considered subsection (g), in effect at the time, in their analyses. The order in *Northern* was final and appealable, even though the trial court deferred establishing payment terms to the defendant's probation officer. The trial court's order of restitution, imposed as part of the defendant's sentence, explicitly included a

---

[5] "The procedure for a defendant sentenced to pay restitution . . . , or otherwise, shall be the same as is provided in this section with the following exceptions . . . ." Tenn. Code Ann. § 40-35-304(g) (2018).

restitution amount and implicitly included a time for payment—the end of the defendant's sentence. *Northern*, 2010 WL 2852288, at *1 ("The plea agreement provided that he serve a four-year sentence as 50 days' incarceration followed by supervised probation. The agreement also provided that the amount of restitution would be determined at a later hearing."). Similarly, the trial court's deferral of setting a payment schedule until "completion of [the] Appeal Process" in *Comer* did not affect the finality of the restitution order, which included a restitution amount and was imposed as part of the defendant's sentence. *Comer*, 278 S.W.3d at 759 ("Pursuant to a plea agreement, the defendant received a sentence of 11 months and 29 days, suspended to unsupervised probation, and agreed to pay an amount of restitution to be determined by the trial court at a later hearing or by agreement of the parties."). To the extent the decisions in *Northern* and *Comer* are inconsistent with this opinion, they are overruled.

Here, the trial court's restitution order is a final order. The order stated the amount to be paid. The plea agreement and the judgment expressly contemplated a later restitution hearing. The restitution hearing and the probation revocation hearing were held jointly, further suggesting that Mr. Gevedon's probationary term operated independently of his payment of restitution. Thus, the trial court's restitution order contained an implicit time of payment—the end of Mr. Gevedon's sentence.

In sum, the trial court's restitution order included both an amount and a time of payment as required by statute and left "nothing for the further judgment of the court," rendering it a final order. *Richardson*, 913 S.W.2d at 460 (quoting *Saunders*, 383 S.W.2d at 31). The Court of Criminal Appeals erred by dismissing Mr. Gevedon's appeal.

*Review of the Restitution Order*

Having determined that the Court of Criminal Appeals erred by dismissing Mr. Gevedon's appeal for lack of jurisdiction, we find that the record is sufficient for our review of the trial court's restitution order. To avoid "a needless expenditure of scarce judicial resources," we proceed to address the merits of the case. *State v. Bobadilla*, 181 S.W.3d 641, 644 (Tenn. 2005); *see also* Tenn. R. App. P. 13(b); *Cavin*, ____ S.W.3d at _____.

We review challenges to alternative sentences, such as restitution, under an abuse of discretion standard with a presumption that the trial court acted reasonably. *Cavin*, ____ S.W.3d at _____; *State v. Caudle*, 388 S.W.3d 273, 278–79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *see also State v. Bohanon*, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *5 (Tenn. Crim. App. Oct. 25, 2013). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that

causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38–40 (Tenn. 2010)).

Under Tennessee Code Annotated section 40-35-304(d), in effect when Mr. Gevedon committed the offense, the trial court had to "consider the financial resources and future ability of the defendant to pay or perform."[6] Tenn. Code Ann. § 40-35-304(d) (2018); *see State v. Johnson*, 968 S.W.2d 883, 886 (Tenn. Crim. App. 1997) ("In determining restitution, the trial court must consider what the defendant can reasonably pay given the appellant's means and future ability to pay."). Above all, however, "a trial court must enter a restitution order that can reasonably be paid by the defendant while under the trial court's jurisdiction, regardless of the possibility of later conversion to a civil judgment." *Cavin*, ____ S.W.3d at _____ (citing *Bohanon*, 2013 WL 5777254, at *6).

This Court agrees with Mr. Gevedon and the State that the trial court abused its discretion by failing to consider Mr. Gevedon's financial resources and ability to pay. Before he was incarcerated, Mr. Gevedon worked as a woodcutter, earning between $350 and $360 a week. He spent $100 per week for rent, $200 per month for car insurance, had a car payment of $131, and owed $520 in loans. The trial court ordered Mr. Gevedon to pay over $30,000 in restitution at the same time the trial court revoked his probation. Even before he went to jail, Mr. Gevedon had limited ability to pay restitution; after his probation was revoked and he was incarcerated, he had no ability to earn income to pay *any* amount of restitution.[7] The trial court knew Mr. Gevedon could not pay the restitution. After ordering restitution and revoking Mr. Gevedon's probation, the trial court stated that its revocation decision "will not get restitution paid, but . . . I am more interested in punishment."

It appears the trial court also erred by setting restitution at an unreasonably high amount in reliance on a later conversion to a civil judgment. Restitution orders must be reasonable precisely because "[a]n order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim." *Johnson*, 968 S.W.2d at 886. Requiring Mr. Gevedon to pay $30,490.76 in restitution from the inside of a jail cell is distinctly unreasonable. In short, the trial court erred by failing to consider Mr. Gevedon's ability to pay restitution in setting the amount of restitution.

---

[6] As of January 1, 2022, the statute makes the consideration of the defendant's financial resources and ability to pay permissive rather than mandatory. Tenn. Code Ann. § 40-35-304(d) (Supp. 2022). However, as Mr. Gevedon's crime occurred in 2019, the trial court was required to consider his ability to pay restitution.

[7] The record does not suggest that Mr. Gevedon had any other source of income or assets to pay the court-ordered restitution.

We vacate the restitution order and remand the case to the trial court. On remand, the trial court should first consider whether Mr. Gevedon has completed his sentence. If he has, then the trial court is without jurisdiction to enter an order for restitution. *See* Tenn. Code Ann. § 40-35-304(c). If Mr. Gevedon has not completed his sentence, then he remains under the trial court's jurisdiction, and restitution may be ordered after appropriate consideration of the victims' pecuniary loss and the defendant's financial resources and ability to pay. *See id.* § -304(d). Further, any restitution order must be reasonable and capable of being paid while Mr. Gevedon remains under the trial court's jurisdiction. *See Cavin*, ____ S.W.3d at ____ (citing *Bohanon*, 2013 WL 5777254, at *6).

## CONCLUSION

The trial court's order for restitution was a final order under Rule 3 of the Tennessee Rules of Appellate Procedure because it resolved all the issues in the case. The trial court was not required to include payment terms in its order. However, the trial court erred by failing to consider Mr. Gevedon's financial resources and ability to pay restitution as statutorily required. Thus, we reverse the judgment of the Court of Criminal Appeals, vacate the trial court's restitution order, and remand to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to the State of Tennessee.

_____
SHARON G. LEE, JUSTICE